# Wytheville.

## STEVENS v. McCORMICK.

### JUNE 14th, 1894.

1. PARTITION—*Interests of parties—Sale.*—An order for sale of land in partition before ascertaining the interests of the several parties, is premature and erroneous, as they are entitled to know how they stand in order that they may bid intelligently, if they desire to bid at the sale. *Horton* v. *Bond,* 28 Gratt., 815.
2. IDEM—*Creditors.*—The creditors of the parties interested in the land are not proper parties in a partition suit.
3. IDEM—*Commissioners.*—If from the facts in the record it appears that the land cannot be conveniently partitioned, there may be a decree for a sale, but it is not necessary that these facts shall appear from report of commissioners. *Zirkle* v. *McCue,* 26 Gratt., 532.
4. APPEAL—*Decree of sale.*—Decree for sale of land in partition suit, though interlocutory, is appealable under Code, § 3454, as it requires change of title and possession, especially where it settles the principles of the cause.

Argued at Richmond.   Decided at Wytheville.

Appeal from decree of circuit court of Clarke county, rendered May 18, 1893, in a suit for partition, wherein John W. McCormick and others were complainants, and John Stevens and wife and others were defendants.   Opinion states the case.

*Marshall McCormick,* for appellants.

*Moore & Kounslar,* for appellees.

LEWIS, P., delivered the opinion of the court.

This was a suit for a partition or sale of a tract of land situate in Clarke county. The land was conveyed in 1854 to Nathaniel Burwell, Jr., for the benefit of Eliza M. McGuire, wife of D. H. McGuire, and her children during their joint lives, and at her death to be divided equally among the children and their issue. Mrs. McGuire died in 1856, having had ten children, all of whom survived her. · Before the institution of the present suit several of the children died intestate and without issue. In 1859 one o the daughters, Lucy, intermarried with Treadwell Smith, Jr., by whom she had two children, and after his death she intermarried with John W. McCormick by whom, also, she had two children, and afterwards died. Her surviving husband and the two last mentioned children were the complainants in the court below. About the time of her first marriage she was paid by Nathaniel Burwell, Jr., over sixteen hundred dollars, which the appellants, who were defendants below, claimed was in full satisfaction of her interest in the trust estate, though it does not appear that any conveyance of her interest was ever made by her.

The circuit court determined that the land could not be conveniently divided, and without determining the extent of the interests of the several parties, but expressly reserving that question, ordered a sale, by the decree complained of.

1. The appellants contend, and we think with good reason, that it was premature and erroneous to order a sale before ascertaining the extent of the respective interests of the parties. When a sale takes place the parties are entitled to know exactly how they stand, in order that if they desire to bid for the land they may do so intelligently, and there is no reason that we can perceive why in such a case a similar rule should not be applied to that which prevails in respect to sales of land to satisfy liens; as to which see *Cole* v. *McRae*, 6 Rand., 644, and *Horton* v. *Bond*, 28 Gratt., 815, 822.

This rule applies with peculiar force to the present case, because here there is no question that Mrs. Smith received

from Burwell over sixteen hundred dollars; and while it does not distinctly appear that this was on account of her interest in the land in question, the inference from the record is very strong that it was; and if it was, then her interest was in effect extinguished, though she may have made no conveyance of her interest, and those claiming under her would have no standing in court as complainants in the present suit.

2. It appears that some of the parties in interest are indebted, though to what extent does not appear; and the point is made by the appellants that the creditors of these parties ought to have been brought before the court. But the rule is well settled otherwise. A partition never affects the interests of third persons, and hence creditors have no concern with it; and if they are made parties to the suit, it will be dismissed as to them. 2 Rob. (old) Pr., 14; *Wotten* v. *Copeland,* 7 Johns. Ch., 140; *Agar* v. *Fairfax,* 17 Ves., 533.

3. The question has also been raised as to the proper method of ascertaining in a suit for partition whether or not the land can be conveniently divided, the statute being silent on the subject. The appellants insist that the usual and correct practice is to appoint not less than five commissioners to go upon the land, any three of whom may act, and to report their views on the subject to the court. This was not done in the present case, but the mattar was referred to a master, whose report was confirmed. In *Zirkle* v. *McCue,* 26 Gratt., 532, Judge Staples, speaking for the court, said that to warrant a decree for a sale, it must appear that partition cannot be conveniently made, and that the interests of the parties will be promoted by a sale, but that these facts need not appear from the report of commissioners, or by the depositions of witnesses. It is sufficient, he added, if the facts appearing in the record reasonably warrant the decree of sale. In other words, the matter of procedure is left to the discretion of the court.

4. Having thus reviewed the decree on its merits, it is hardly necessary to add that we do not agree with the appellees that

it is not an appealable decree.   A decree of sale, as a general rule, contemplates, and, therefore, in the sense of the statute, requires, a change both of title and possession; and, besides, the decree in question settles the principles of the cause; so that upon both of these grounds the decree, although interlocutory in its nature, is an appealable decree.   Code., sec. 3454; *Shannon* v. *Hanks*, 88 Va., 338.

The decree must, therefore, be reversed, and the cause remanded for further proceedings in conformity with this opinion.

DECREE REVERSED.