# CHARLESTON.

ONEAL *et al. v.* STIMSON *et al.*

Submitted June 3, 1910. Decided March 5, 1912.

1. PARTITION—*Decree—Allotment.*

In partition, if no injustice is done to other co-tenants, an allotment may be made so as to render effective a conveyance by a co-tenant purporting to be in severalty, though operating when made to convey only his undivided interest. (p. 455).

2. SAME—*Former Allotments.*

When a partition long before made is set aside and a new partition is to be made on the same proportion of interests among the co-tenants, the court in decreeing the new partition may properly direct that the former allotments be followed or considered as far as fairness and justice to the co-tenants will permit, and thereby protect those who have held, purchased or improved on the faith of the former partition. (p. 454).

(BRANNON, PRESIDENT, absent).

Appeal from Circuit Court, Wyoming County.

Bill by Joseph P. Oneal and others against L. T. Stimson and others. Decree for defendants, and plaintiffs appeal.

*Affirmed.*

*File & File,* for appellants.

*M. F. Matheny,* for appellees.

ROBINSON, JUDGE:

This suit has for its object the vacating of a partition made in a former suit and the making of a new partition. The case has been here once before on appeal. 61 W. Va. 551. By the decision on that appeal, the partition was held to be void. The case was remanded and has been proceeded in to a decree directing a new partition of the land. From that decree we now have this appeal.

Thirteen years elapsed between the making of the first partition and the bringing of this suit to attack it. During all that time the partition originally made was looked upon as a valid one, and the land dealt with accordingly. True, it may be that adverse possession or ouster is not shown, but conditions arose by reason of a reliance on the original decree of partition which furnish grounds for equitable considerations in the case.

It will be recalled that, in the partition which has been declared void, 22 acres of the land were assigned in kind to D. J. T. Oneal, and the residue, 18 acres, was ordered to be sold. Stimson became the purchaser of the 18 acres at the court sale. On the faith of his purchase, he went into possession of that parcel. Before the validity of the partition and the sale to him was attacked, he had sold and conveyed many town lots out of the parcel to others. Oneal, some years before the bringing of this suit to set aside the partition, sold and conveyed the 22 acres to Matheny. That grantee took possession thereof and the same passed to others on the faith of the partition which turned out to be void.

When the partition and sale in partition were had in the old suit, the region in which the land is situated was in a sense a wilderness. At that time, the land was of little value. The thirteen years, however, brought great changes. A railroad had been constructed through the land. The town of Pierpont had been laid out on it and there flourished. So it came about that the land which had been abandoned to those holding under

the old partition for so long was again sought from them on behalf of those who formerly owned it. A loop-hole in title is readily discovered by speculators. Unfortunately, however, the discoverers too often arrange to take all the benefits from those really entitled by reason of the defect.

That the original proceedings in partition were void is fore closed by the decision on the former appeal. But it seems conceded that the interest to be assigned on behalf of D. J. T. Oneal in the new partition is the same as that assigned him in the old, a 12/22 of the forty acres. And the interest of the other owners is 10/22 as considered in the former partition. Presumably, from all that appears in the proceedings, that former partition was a fair one as far as a division of the land into a parcel of 22 acres and one of 18 acres is concerned. It was void for want of parties to it, not for unfair division. A new partition is asked and must be made. But how shall it be made? Shall no notice be taken of the situation that has arisen by reason of the decrees that have been set aside? Appellants insist that none shall be taken. They say, that those who took under the void decrees did so with notice and are entitled to no consideration in the premises. They want a new partition of the land, as though no one had been led by the former decrees to invest money in it or to put improvements on it. They object to any equitable consideration in relation to those who have dealt with the property on the faith of the decrees set aside. Though Oneal sold a definite parcel of twenty-two acres to Matheny and received pay for it, those who have taken a subsequent conveyance from Oneal, for a trifling consideration, with knowledge of the whole situation and of all its equities, say that, since the partition has been declared void, the land should be so allotted in a new partition as to deprive Matheny of about one-half of what he purchased. In other words, they say that Oneal, being originally the owner of a 12/22 in the forty acres, and the land being in fact unpartitioned, could convey only that fractional interest in the 22 acres by the deed to Matheny. But in equity and good conscience we know that Oneal meant to convey all his interest in the land to Matheny, which at the time of the conveyance was supposed to be the identical 22 acres conveyed. And to Matheny and those

holding under him equity and justice will preserve in a new partition as much of what Oneal intended to convey to him as may be done consistent with the rights of the co-tenants. The same principle of course applies to those whose situation on the 18 acres is affected by the new partition that must be made. Equity will let the owners again into their own as to this forty acres of land as though no partition had been attempted, but will preserve the rights of those disturbed as far as may be consistent with the rights of the owners. Why are those who bought into this suit since the declaration of the invalidity of the partition worthy of more consideration than those who acted on the faith of the old partition? The equities are indeed with the latter.

Now, the decree complained of, ordering a new partition, does no more than to apply the principles of equity which have been outlined above. It is carefully drawn and quite specific. We find no fault with it. The learned chancellor has recognized and applied simple justice in this case. He has violated no legal or equitable principle; nor has he inaugurated anything new. All that the suit seeks has been granted. He has decreed that a new partition shall be made to take the place of the invalid one. The 22 acres, as the 12/22 of Oneal, shall be laid off to the grantees of Matheny if that can be done consistent with a fair partition of the land between the owners. The interests of those holding under the original owners of the remaining 10/22 shall be laid off in the 18 acres which Stimson invalidly bought at court sale if that can be done in fair partition between the co-tenants. If the partition cannot be so made in fairness and justice to the co-tenants entitled, then it shall be made on that principle as fully as the respective rights of the co-tenants will permit.

The decree is supported by the authorities. They are cited and reviewed by Judge GREEN in the well considered opinion in *Boggess v. Meredith,* 16 W. Va. 1. It suffices to quote therefrom the following: "It is certainly law, that a conveyance by one co-tenant of a part of a tract specified by metes and bounds cannot give the grantee any greater right thereto than held by his grantor; and as he could not exclusively occupy the parcel of land he conveyed, so his grantee can have no such

exclusive right; and as the grantor of such parcel could not demand that the whole or any part of such parcel should be set off to him, so his grantee could acquire no such right. Yet the better authorities hold, that he has rights, which will be considered by the court in making the partition of the whole tract, · and which will be respected, so far, and so far only, as they can be without prejudice to the original co-tenant of the entire tract. In making such partition, if the parcel so sold and conveyed by one tenant in common can be assigned to the purchaser as a part or the whole of the share of his grantor without prejudice to the co-tenant of the grantor in the entire tract, the Court will so assign it, thereby making the purchaser's title perfect." See also, *Worthinglon* v. *Slaunton,* 16 W. Va. 208; and 30 Cyc. 257.

An order affirming the decree will be entered.

*Affirmed.*