## LAWRENCE *et al. v.* BOSWELL.

1. Under the provisions of the code of this State, before heirs at law of a deceased intestate can recover land which belonged to the estate of such intestate, they must allege and prove that there was no administration on the estate, or that the administrator, if there was one, assented to their bringing suit.

2. But where parties alleging themselves to be heirs at law of a named decedent brought suit for the recovery of land, setting forth the facts upon which they based their right to recover, and a general demurrer to the petition was filed, and this was overruled, and no exception was taken to the order overruling it, then the failure to allege and prove that there was no administration, or that the administrator had consented to the bringing of the suit by the heirs, would not defeat the plaintiffs' right to a recovery, if the other essential facts for a recovery were shown by the evidence.

3. Proof that in a certain year a person was adjudged insane and committed to the State Asylum for the insane, and that this person remained in the asylum until his death, raises the presumption that the adjudicated state of insanity continued until his death.

4. The period of the continuance of the state of insanity could not be counted in favor of one claiming title by prescription, to complete the statutory period necessary to the ripening of prescriptive title.

5. Where one tenant in common sold and conveyed a particular tract of land carved out of the entire tract of which the grantor and another party were tenants in common, while this deed might be good against the grantor and her privies, it would not convey title as against the cotenant, unless it was shown that the status of the tract from which the particular part was carved was such that upon an equitable partition of the land between the cotenants or their privies the particular part conveyed might be carved out and assigned to the cotenant conveying the tract first referred to.

No. 3549. MAY 21, 1923.

Complaint for land. Before Judge Hammond. Richmond superior court. December 13, 1922.

J. O. Lawrence and others brought an action of ejectment to recover a half interest in seven acres of land (and mesne profits) in possession of the defendant, Sadie C. Boswell. The chain of title is as follows: Deed from G. L. Lawrence Sr., to Fannie A.

Lawrence and Melvina Lawrence, January 29, 1863, conveying
44-1/2 acres, which embraced the seven acres sued for. Plaintiffs
claim a half interest in these seven acres as heirs at law of Melvina
Lawrence, who became insane in 1870, and after proper legal pro-
ceedings was sent to the State Insane Asylum at Milledgeville,
Georgia, where she died intestate in 1916. The petition set out
that on February 3, 1894, Fannie A. Lawrence (afterwards Fannie
A. Ferrell) undertook to convey to D. W. Marks the seven acres of
land sued for, and that the title passed successively to the heirs
of D. W. Marks, and from them to S. G. Boswell, and then to the
Board of Commerce of Augusta, and then into Sadie C. Boswell,
by deed dated October 31, 1919; and the petition admitted that
the half interest in the said land belonging to Fannie A. Ferrell
(née Lawrence) vested legally in defendant, but alleged and con-
tended that the other half belonged to the heirs of Melvina Law-
rence. Defendant's answer admitted the allegations in the peti-
tion, showing that she held title under the heirs of D. W. Marks,
purchaser from Fannie A. Lawrence. Defendant filed a general
demurrer to the petition, and that demurrer was overruled. There-
upon defendant filed amendments to her answer, claiming a set-
off for improvements, and also claiming title by 20 years pre-
scription, and seven years under color of title. At the trial both
parties agreed to the following written statement as part of the
evidence: "We agree that one half of the seven-acre tract in
dispute was embraced in the 44-1/2-acre tract conveyed by G. L.
Lawrence Sr. to Fannie A. Lawrence and Melvina Lawrence, dated
January 29, 1868, and recorded in Book 2-X, p. 10. We also
agree that defendant, and those under whom she claims, have been
in open, adverse, notorious, and bona fide possession of the entire
seven acres since the deed from Fannie A. Lawrence (afterwards
Fannie A. Ferrell) to David W. Marks, dated February 3, 1894,
recorded in Book, Q, p. 109, claiming it as their property. And
that Melvina Lawrence was adjudged insane and was committed
to the State Asylum at Milledgeville on June 30, 1870, and re-
mained there until her death on March 10, 1916."

　　The jury to whom the case was submitted under the instructions
of the court returned a verdict for the defendant. Whereupon the
plaintiffs made a motion for new trial, which was overruled, and
they excepted.

*William H. Fleming,* for plaintiffs.

*Pierce Brothers* and *C. H. & R. S. Cohen,* for defendant.

BECK, P. J. (After stating the foregoing facts.) The original motion for new trial consisted of the usual general grounds, and the amendment to the motion contains several grounds, but they are merely elaborations of the general grounds, pointing out special features of the evidence which movants contend required a different verdict, and a certain portion of the charge which it is claimed the jury disregarded. This being true, we are necessarily confronted with the question as to whether or not the evidence authorized the verdict.

The defendant contends that there was no such proof of title in the plaintiffs as would authorize a recovery. This contention is not sound, in view of the pleadings in the case. Under the pleadings, both plaintiffs and defendant derived title from G. L. Lawrence. The deed from G. L. Lawrence Sr. to Fannie A. Lawrence and Melvina Lawrence, dated January 29, 1868, conveyed a tract of 44-1/2 acres, of which the seven-acre tract in controversy was a part, to the named grantors, "their heirs and assigns." The admission in the pleadings that the title passed by the deeds which constituted the chain of title from Lawrence to the defendant was in effect an admission that both parties claimed under a common grantor. Further proof of title in the plaintiffs was unnecessary. The defendant also, to support her contention that no other verdict than the one rendered was possible under the evidence, relies upon the fact that the plaintiffs failed to prove that there was no administration on the estate of Melvina Lawrence, or that if there was an administrator he had consented to the bringing of the suit by the heirs. In this connection counsel cites the case of *Greenfield* v. *McIntyre,* 112 *Ga.* 691 (38 S. E. 44), wherein it was held: "Under the provisions of the Code of this State, before heirs at law of a deceased intestate can recover land which had belonged to the estate of such intestate, they must allege and prove that there was no administration on the estate, or that the administrator, if there was one, assented to their bringing suit." Other cases are also cited laying down a similar rule. We do not think, however, that that rule is controlling here as against the plaintiffs in error. The defendant submitted a general demurrer, which was overruled. That general demurrer was in the

following language: " Said petition sets forth no cause of action; and it sets forth no legal cause of action." In the case of *Greenfield* v. *McIntyre,* from which the quotation immediately preceding is taken, it was held that before heirs at law of a deceased intestate could recover land which had belonged to the estate of such intestate, " they must allege and prove that there was no administration," etc. The plaintiffs' petition in this case sets forth the facts upon which they relied to recover. The general demurrer to that petition meant that the defendant raised the issue that these plaintiffs could not recover under the facts alleged. When that was overruled the judgment overruling it decided that the plaintiffs could recover under the facts alleged; and that became the law of the case when defendant failed to except to the judgment overruling the demurrer, and the defendant could not rely upon the failure of the plaintiffs to introduce formal proof that there was no administration, or, if there was an administrator, that he had consented to the bringing of the suit.

Again, defendant contends that in the agreed statement of facts is contained an admission by the plaintiffs that " defendant and those under whom she claims have been in open, adverse, notorious, and bona fide possession of the entire seven acres since the deed from Fannie Lawrence to David Marks, dated February 3, 1894, claiming it as her property," and that it can not be said that the verdict is contrary to law and evidence. Defendant insists that where a party admits that another has been in possession of land openly, notoriously, adversely, and bona fide against the world and under a claim of right for a sufficient length of time in which a title by prescription may ripen, this, as a matter of law, establishes good prescriptive title. As a general rule this contention is sound; but it was agreed to as a fact that Melvina Lawrence was adjudged insane in 1870, sent to the asylum and remained there until the time of her death in March, 1916. If Melvina Lawrence was continuously insane from 1870 until 1916, those years could not be counted as a part of the term of prescription; and though the parties in possession had remained there more than twenty years under open, notorious, adverse claim of title, their possession did not ripen into a good prescriptive title. And when it was shown that Melvina Lawrence was adjudged insane in 1870 and remained in the insane asylum until

her death, it will be presumed, in the absence of proof to the contrary, that the state of insanity shown to exist in 1870 was continuous until the time of her death. Counsel for defendant say that it was incumbent upon the plaintiffs to prove that there were no lucid intervals, and to prove that the aggregate of the period of lucid intervals did not amount to the term fixed in the statute for the ripening of prescriptive title when added to the period of time intervening between the death of Melvina and the bringing of this suit. We differ with counsel for defendant in error on this also. Whether or not a conclusive presumption as to continuance of insanity from 1870 to 1916 would have resulted from mere proof of the finding in 1870 that she was then insane, we do not decide. Some of the broad language in the case of *Lucas* v. *Parsons,* 23 *Ga.* 267, wherein it was held that the fact that one had been adjudged insane in the past does not raise a conclusive presumption that such state of mind continued, leaves the question stated somewhat doubtful; but the general rule has been stated in some of our decisions to be that a condition shown once to exist is presumed to have continued. In the present case, however, there is not only the adjudication that Melvina Lawrence was insane in 1870, but the proof is that she continued to be confined in the State Asylum until her death. That agreed statement of facts required a finding that she was insane from 1870 to 1916. That being true, the prescriptive period as against the heirs of Melvina Lawrence did not begin to run until her death, and they were not barred until a period of seven years had elapsed after her death in 1916.

It is urged in the brief of counsel for the defendant that there was no evidence to show that there had never been a division of the 44-acre tract of land between Melvina Lawrence and Fannie A. Ferrell (née Lawrence), and that in the face of the admission and other evidence in the record the jury could have found that there had been a division and that the seven-acre tract was the part of that tract which belonged to Fannie Ferrell. We do not think that under the circumstances any presumption was raised that there had been such a division as that suggested by counsel; and if there was no such presumption, there was no evidence, circumstantial or direct, from which the jury could find it.

*Judgment reversed. All the Justices concur.*