# CHARLESTON.

MARGARET V. BRACKEN *v.* T. L. EVERETT, *et al.*

Submitted February 12, 1924.     Decided February 26, 1924.

1. PARTITION—*Sale Not Ordered Unless Affirmatively Shown That Land Cannot be Partitioned in Kind, and That Interest of Co-owners Promoted.*

   Under section 3, chapter 79, Barnes' Code, 1923, the court cannot order a sale of lands in a partition proceeding, unless it affirmatively appears from the record that (1) the land cannot be conveniently partitioned in kind, and (2) the interests of the co-owners will be promoted by such sale. (p. 555.

2. SAME—*Report of Commissioners That Land Cannot be Partitioned in Kind Sufficient.*

   Where an answer denies that lands cannot be conveniently partitioned in kind, it is not evidence of that fact, but merely puts the plaintiff on proof; if the report of the commissioners appointed to make partition sets forth facts as ascertained by them which show that the lands are not susceptible of partition, and that in their opinion the land cannot be so partitioned, the report is evidence of the facts therein stated and is sufficient, where there is no evidence to the contrary, to warrant the court in decreeing that the land cannot be conveniently partitioned in kind. (p. 556).

3. SAME—*Decree of Sale Unwarranted Where Commissioners' Report Does Not Show That Interest of Co-owners Will be Promoted.*

   But the report is not evidence of facts not stated therein; so that if it fails to state facts showing that the interest of the owners will be promoted by a sale, and such facts do not otherwise appear from the record, a decree of sale is unwarranted and it will be reversed. (p. 556).

   95 W. Va.

Appeal from Circuit Court, Brooke County.

Suit by Margaret V. Bracken against T. L. Everett and others. From a decree for plaintiff, the named defendant appeals.

*Reversed and remanded.*

*J. T. McCamic* and *McCamic & Clarke,* for appellant.
*J. F. Cree* and *Robert C. Wilkin,* for appellee.

MEREDITH, PRESIDENT:

Margaret V. Bracken seeks to partition certain land owned by her and her cotenants, or if actual partition be inconvenient, she seeks to have the same sold and the proceeds divided among the parties as their interests should appear. Upon consideration of the reports of the commissioners of partition, the court decreed that the lands should be sold and the proceeds be held by the Special Commissioner appointed to make the sale with a view to a division thereof among the parties entitled thereto. Defendant, T. L. Everett, a brother of the plaintiff, appeals from that decree.

The bill describes two contiguous tracts of land which are sought to be partitioned, one known as the "Thomas Everett" tract of 8.57 acres, and the other the "Martha Everett" tract of 6.77 acres; alleges that the larger tract is not susceptible of partition in kind; and sets out the fractional interests of each of the cotenants, all of whom are made parties to the suit.

Defendant, T. L. Everett, appellant here, answered by admitting that he was the owner of the fractional interests in the two tracts as alleged in the bill, but denied that the property was not susceptible of partition in kind. He requested that when partition is made, portions of each tract be assigned to him and that they be laid off in contiguous parcels, and averred that he was entitled to be repaid the money which he had expended in paying the taxes on the property and in effecting certain improvements thereon, amounting to not less than $700.00. Defendant, N. Leota Everett in her answer joins in the prayer of the plaintiff that partition of said real property be made, and sets up a

claim for $563.75 for taxes paid by her on the property. Defendant H. B. Mahan, owner of a curtesy interest in the estate of Martha Bracken Mahan, deceased, answered by set- ting up a claim for $2134.28, money alleged to have been advanced by him when the property was purchased. H. Lee Mahan, son of H. B. Mahan, joins in the prayer for a par- tition, or if an equitable partition be impossible, for a sale of the property and a proper division of the proceeds.

Plaintiff filed a replication in which she denied certain of the claims for expenditures advanced by defendants, includ- ing the claim of T. L. Everett. In an amended answer H. B. Mahan in effect adopted the averments of H. Lee Mahan praying for a partition in kind, if practicable, or if an equi- table partition be impossible, then for a sale and a division of the proceeds.

It appears that commissioners of partition were first ap- pointed by the court in 1921 or earlier, and that their report was confirmed by a decree of March 31, 1921. However, by an order dated April 4, 1923, the former decree of confirma- tion was set aside, and upon the pleadings which we have recited, the court appointed five commissioners of partition and directed them to partition the lands in controversy among the parties entitled, according to their interests as recited in the order, or "if said commissioners shall determine that the said property is not susceptible to partition, they shall so report to this court, setting forth in said report the facts upon which they base their conclusion with an appraise- ment or valuation of said real property."

The commissioners gave notice to the parties of two meet- ings to be held by them at which they would hear evidence and take such action as might be desirable in connection with the proposed partition. The first meeting was set for May 29, 1923; the second for June 15, 1923.

Their first report was dated June 15, 1923. In it they stated that because of the location of certain buildings, the inaccessibility of certain lots, the undesirability of the north- ern lots except for manufacturing purposes, the presence of two streams which flowed through the property and which would "spoil it some", and because of the necessity of con- structing high fills to provide an outlet from portions of

this land across railroad tracks to the county road, they were of opinion that the property could not be ''satisfactorily and equitably divided.''

On the following day, June 16, 1923, the same commissioners executed an amended report, more voluminous than the original one. They recited their appointment and qualification; the giving of the notice of the meeting of May 29, 1923 ''to determine such evidence, or take such action as may be desirable to make division'' of the land among the parties entitled. They then stated that on the day appointed, three of said commissioners, together with the attorneys for the parties, went upon and viewed the property involved. Plaintiff and defendant N. Leota Everett were present part of the time. The fourth commissioner who signed the report viewed the property separately on June 14, 1923. Having recited these circumstances, they said: ''And it appears to us, that partition of said lands, can not be made without great prejudice to the owners for the reasons following.'' Then follow the same statements relative to the physical conditions peculiar to the lands involved as appeared in the original report, but they limit their express conclusion that the property can not be satisfactorily and equitably divided to the Thomas Everett tract. They say in both reports, however, that a high railroad fill separates the Martha Everett tract from the county road. Nothing is said in either report relative to a sale of the property.

Appellant argues that the original report of the commissioners was never filed, objections having been raised thereto when it was tendered into court, but as the final order recites that the cause was heard both upon the original and amended reports, we must consider them as having been a part of the case in the circuit court. There seems to have been no formal order filing either report, but the cause was heard thereon; we think that is sufficient.

There is no record of any evidence having been submitted by any party to the suit.

T. L. Everett excepted to the amended report upon fourteen separate grounds, most of them being objections to the finding of the commissioners that the property in suit could not be partitioned in kind.

On June 16, 1923, the court entered its final decree. After reciting that the cause was heard upon the pleadings, reports, notices and other papers filed; it reads:

> "And it appearing to the court from said report that it was not practicable to make equitable partition of said real property among the parties thereto entitled, the court doth approve and confirm said report."

Following this, the court sets out the fractional interests of each of the parties in the two tracts, describing them both, and on consideration of all of which, it decreed that the property be sold by a special commissioner appointed for the purpose, and that the proceeds of the sale be held by the commissioner to be divided as directed by a future order of the court. Particular directions were given as to the selling of certain portions of the property in whole or in part.

Without considering the details of all of appellant's exceptions to the commissioners' amended report, his chief argument is that the record does not justify the court's order of sale. Appellee (plaintiff below) says the commissioners' report fully discloses their finding that a sale of the land was necessary and that the decree was warranted. Both parties rely upon the statute which authorizes the sale of real estate in a partition suit, when it is not susceptible to a partition in kind; sec. 3, ch. 79, Barnes' Code, 1923. Section 1 of that chapter provides that tenants in common, joint tenants and coparceners shall be compellable to make partition. Section 3 provides:

> "When partition can not be conveniently made, the entire subject may be allotted to any party who will accept it, and pay therefor to the other parties such sums of money as their interest therein may entitle them to; or in any case now pending or hereafter brought in which partition can not conveniently be made, if the interests of those who are entitled to the subject, or its proceeds, will be promoted by a sale of the entire subject, or allotment of part and sale of the residue, the court, notwithstanding any of those entitled may be an infant, insane person, or married woman, may order such sale, or such sale and allotment, and make distribution of the proceeds of sale, according to the respective rights of those entitled." etc.

These sections of the statute clearly establish the law relative to sales of land in partition suits, and it has been often repeated in decisions of this court: "A sale can not be decreed in a partition suit unless it appears by the report of the commissioners, or otherwise by the record, that partition can not be conveniently made, and that the interests of the owners will be promoted by sale." *Morley* v. *Smith,* 93 W. Va. 682, 118 S. E. 137; citing: *Roberts* v. *Coleman,* 37 W. Va. 146, 16 S. E. 482; *Herold* v. *Craig,* 59 W. Va. 353, 53 S. E. 466; and *Smith* v. *Greene,* 76 W. Va. 276, 85 S. E. 537. Two circumstances must be clearly shown, the inconvenience of the partition in kind, and the promotion of the interests of the owners.

Applying these principles to the case at bar, the bill alleges that one of the tracts, the Thomas Everett tract, is not susceptible of partition in kind. This, however, the defendant specifically denies in his answer. The amended report of the commissioners states, and gives reasons in support thereof, that partition of the lands can not be made "without great prejudice to the owners"; that the Thomas Everett tract can not be satisfactorily and equitably divided; and recites that a railroad fill separates the Martha Everett tract from the county road. Nowhere does the plaintiff aver, nor do the commissioners report, that a sale of the lands would promote the interests of all or any of the owners. In *Loudin* v. *Cunningham,* 82 W. Va. 453, 96 S. E. 59, and other cases therein cited, we laid down the rule that a sale can not be decreed "unless it affirmatively appears in the record that partition can not be conveniently made and that the interests of the parties entitled to such real estate wil be promoted by a sale thereof." Proof of those circumstances, in other words, is a burden which those seeking the partition must carry. And in *Eagle Land Co.* v. *Jarrell,* 94 W. Va. 564, 119 S. E. 556, we approached the present case perhaps more closely than in any of the prior ones, holding that the record must show not only the inconvenience of the partition, but the desirability of a sale. From the opinion in that case we quote:

"To authorize a sale it must appear affirmatively by

> proof or admissions that the interests of the cotenants will be promoted by a sale and a division of the proceeds of sale. These two facts must be shown. *Loudin* v. *Cunningham,* 82 W. Va. 453, 96 S. E. 59; *Hogan* v. *Ward,* 87 W. Va. 682, 106 S. E. 232. These decisions, we think, are conclusive of the proposition that it must affirmatively appear, not only that the land sought to have partitioned is not susceptible of partition in kind, but also that the interests of the cotenants will be promoted by a sale thereof. The commissioners reported, it is true, that the only way the land could be equitably divided was by such sale. But is this sufficient evidence of the fact that the interests of the parties concerned would be promoted by a sale of the property? We think not. It might be that partition could only be made by such sale, but that is not enough to justify a sale. It must be shown, considering all the conditions present and prospective, that the interests of the parties will be promoted by such sale."

Neither by the reports filed nor from any other part of this record does it appear that a sale would promote the interests of the owners; the decree ordering such sale was therefore erroneous because founded upon insufficient evidence.

Another question, however, is properly raised and debated on this record. It is pertinent now, and will be more so when the case is again heard in the circuit court; it relates to the sufficiency of the commissioners' report as evidence that the land can not be conveniently partitioned in kind. Appellant contends that in view of the fact that his answer denies that partition in kind can not be conveniently made, the report of the commissioners is not sufficient to warrant the court in finding that partition in kind can not be conveniently had. We do not assent to this view. The commissioners are sworn appointees or officers of the court. They viewed the premises and in their report stated their reasons why partition can not be conveniently made in kind; these reasons are based upon the location and condition of the lands as they found them, and the various fractional interests of the cotenants. It seems to us that they were justified in their conclusion. Their report certainly makes out a prima facie case. Defendant introduced no evidence to the contrary, but contented himself with a mere denial. Generally, where

the question is controverted, evidence is adduced by the parties, either before a commissioner in chancery to whom the cause is referred, or by depositions; the evidence should be made a part of the record, as the court can not refuse a partition in kind without evidence showing that partition in kind can not be conveniently made. However, in the absence of evidence to the contrary, the report of commissioners, properly made, is sufficient. Of course, defendant's answer is not evidence; it merely puts plaintiff upon proof. But the report is evidence only of the matters contained in it; and since there is no statement therein that the interests of the owners will be promoted by a sale of the lands, there is no evidence upon which the court could decree a sale. Even if the commissioners had reported that the interests of the owners would be promoted by a sale, without more, this would not be sufficient to warrant a sale, but they should state facts upon which their conclusion is based, in order that the court, for itself, might determine whether the interests of the owners would be so promoted. We can readily find instances where jointly owned lands can not be conveniently partitioned in kind and where it would promote the interests of the owners to hold and not sell them.

Since there is no evidence in the record warranting a sale, the decree is reversed, and the cause remanded for further proceedings.

*Reversed and remanded.*