MARY M. GARLOW *et al. v.* MICHAEL G. MURPHY *et al.*

(No. 7078)

Submitted February 24, 1932.    Decided March 1, 1932.

*Terence D. Stewart,* for appellants.
*Cox & Cox,* for appellees.

HATCHER, PRESIDENT:

This is a suit in which partition is sought of a tract of about 68 acres, hereinafter referred to as the Murphy tract. It produces oil and gas and is underlaid with three valuable seams of coal, of the following areas: the Pittsburgh seam, about 66 acres; the Sewickley seam, about 40 acres; and the Red Stone seam lying between the other two, exact acreage not given. The tract is owned as follows: Estelle C.

Davis (grantee of plaintiff, Mary M. Garlow) 2/11, Edwin E. Murphy 1/11, Delia B. Hoskinson 1/11 of the oil and gas and 1/11 of the Pittsburgh seam only, Michael G. Murphy 7/11 of the oil and gas, 7/11 of the Pittsburgh seam, and 8/11 of the remainder of the tract. Mrs. Davis owns coal land adjoining the Murphy tract which is under lease, the terms of which give her land a present value of some $500.00 an acre. She has an agreement with her lessee to include also in the lease, any allotment to her of the Murphy tract, if the allotment shall adjoin her land. So she asks for partition in kind, and that her share be laid off adjoining her property. Michael G. Murphy and Mrs. Hoskinson oppose partition, particularly that sought by Mrs. Davis, and desire a sale of the entire tract.

Three commissioners were appointed to report *in re* partition. Evidence was taken before them. Two commissioners reported that partition in kind could not be conveniently made among all the co-tenants, or of the share of Mrs. Davis, and that the interests of the owners would be promoted by a sale. The third commissioner (a competent mining engineer) filed a minority report stating that in his opinion, while the tract could not be conveniently divided among all the owners, the share of Mrs. Davis could be set off adjoining her land without prejudice to the other cotenants. He tendered a plan demonstrating his opinion. He was supported generally by five witnesses, three of whom were experienced civil and mining engineers. The court confirmed the majority report and decreed on December 15, 1930, that the tract was not susceptible of a fair partition, that the share of Mrs. Davis could not be fairly set off in kind, and that the interests of all the owners would be promoted by a sale. The decree further stated that in view of the financial depression and of the failure of any of the parties to move for a decree of sale at that time, the sale was postponed until further order. Mrs. Davis appealed.

A primary contention of appellees is that the decree is not appealable because it does not direct a sale. The decree adjudicates the principles of the cause, leaving only ''those

measures which are necessary for the execution of the decree * * * and which are properly to be regarded * * * as founded on the decree itself." Directing a sale is one of those measures. The decree is therefore appealable under Code 1923, chapter 135, section 1 (Code 1931, 58-5-1). See *Richmond* v. *Richmond*, 62 W. Va. 206, 213, 217, 57 S. E. 736; *Gillespie* v. *Bailey*, 12 W. Va. 70, 80-1; *Stevens* v. *McCormick*, 90 Va. 735, *736* (738), 19 S. E. 742.

The law of partition has been stated repeatedly and consistently by this Court; but it seems necessary to restate it every now and then "lest we forget." Under the common law, a co-tenant had an absolute right of partition. A judicial sale of his interest now is permissible only by reason of the statute. Code 1923, chapter 79, section 3. He still has the right to partition, unless it affirmatively appears that partition "cannot be conveniently made." Even then a sale will not follow unless it also appears that the interests of all the co-tenants "will be promoted by a sale of the entire subject." *McDonald* v. *Bennett*, 108 W. Va. 665; 152 S. E. 533; *Brockman* v. *Hargrove*, 103 W. Va. 254, 137 S. E. 11; *Morley* v. *Smith*, 93 W. Va. 682, 118 S. E. 135; *Loudin* v. *Cunningham*, 82 W. Va. 453, 456-7, 96 S. E. 59; *Smith* v. *Green*, 76 W. Va. 276, 278-9, 85 S. E. 537; *Herold* v. *Craig*, 50 W. Va. 353, 356, 53 S. E. 466; *Croston* v. *Male*, 56 W. Va. 205, 210, 212-3, 49 S. E. 126-7. The word "conveniently" as used in the statute does not have its usual significance, but means rather *practicably* and *justly*. *Casto* v. *Kintzell*, 27 W. Va. 750, and *O'Neal* v. *Stimson*, 70 W. Va. 452; 74 S. E. 413. *Croston* v. *Male, supra*, emphasizes that the right of partition in kind cannot be taken from a co-tenant "for light or trivial causes," that the conditions imposed by the statute "are important and indispensable conditions," and that nothing "short of a real and substantial obstacle of some kind to division in kind such as would make it injurious to the owners" will justify a denial of that right. The case further declares "before selling, the court must ascertain that the interests of all will be promoted." This promotion cannot be ascertained from opinions alone; it must appear from

facts. *Bracken* v. *Everett*, 95 W. Va. 550, 557, 121 S. E. 713; *Land Company* v. *Jarrel*, 94 W. Va. 564, 575; 119 S. E. 556. The division of any tract into a given number of parts is a mere task for the surveyor; an ordinary test of *convenience* in partition is, will any interest assigned be materially less in value than the interest undivided? If so, the tract should be sold; if not, it should be partitioned. An arbitrary allotment cannot be directed by the court or exacted by a co-tenant. However, the latter is entitled to have his share allotted to him next to adjoining land which he may own, if this can be done without injury to the interests of his co-tenants. *Henrie* v. *Johnson*, 28 W. Va. 190, 194; *Loudin* v. *Cunningham, supra; Bridges* v. *Snead*, 151 Va. 383; 145 S. E. 338.

Five witnesses testified in opposition to allotting Mrs. Davis' interest next to her land—two engineers, two farmers and a banker. The substantial obstacle in the minds of the engineers was the failure of the interested parties to agree on how the partition should be made, which, of course, was no obstacle at all. *Hull* v. *Hull*, 26 W. Va. 1, 19. One farmer gave no reason for his opinion. The substantial obstacle raised by the other farmer and the banker was a rumor that the Pittsburgh seam on the side of the Murphy tract adjoining the Davis land was dry coal and the seam on the opposite side of the tract was wet coal with shallower covering and of less value. These two witnesses had no personal knowledge of the character of the coal, and it does not appear where they received their information. Even if true, the difference in value of the coal on the opposite sides of the Murphy tract would not be a substantial obstacle to Mrs. Davis' request, as the acreage of the shares could be adjusted to equalize the values. The best evidence on the subject, however, indicates that this difference in moisture of the coal does not exist. L. H. Meredith, a civil and mining engineer of twenty-two years' experience, testified that he had personally inspected the mine on the Davis lease; that the mine was being worked very near to the line of the Murphy tract; that the coal there contained "a great number of clay veins" and was not necessarily drier than the coal on the opposite side of the tract;

that the question of wet or dry coal was entirely *one of drainage;* and that because of the dip of the coal the opposite side of the tract would have natural drainage.

The majority report of the commissioners was not filed in the usual form setting forth their findings and the reasons therefor. Council for appellees had the findings dictated into the record and had the commissioners testify in support thereof, and submit to cross-examination thereon—all of which was then signed and treated as their report. We see no reason whatever for this innovation in procedure, but see substantial reasons against it, and accordingly disapprove it.

Engineers for Mrs. Davis had proposed that a specific parcel of the Murphy tract be allotted to her. The testimony of the commissioners indicates that this parcel had some advantages over the remainder of the tract, but their testimony discloses no fact in the way of equalizing those advantages or of setting off her share at some other place along the line of her adjoining land.

The record is also barren of evidential facts tending to show that the interest of Mrs. Davis or of any other cotenant would be promoted by a sale. No witness would even venture an opinion of what the tract or any part or share thereof was worth or would sell for. There is no evidence whatever of the financial ability of Mrs. Davis or of the other co-tenants to protect their several interests at a sale. This should be considered. *Croston* v. *Male, supra,* 211, 212. The only reason given by the commissioners that a sale would promote all the interests was, ''You couldn't divide them gas wells into eleven parts.'' That, of course, is no substantial reason, as sale of the oil and gas can be made independently of the disposition of the remainder of the tract.

Consequently the judgment of the circuit court is reversed and the report of the commissioners is set aside in so far as each relates to the interest of Mrs. Davis, and the cause is remanded with directions to enter a decree for partition in kind of her interest in accordance with the views herein expressed.

*Reversed and remanded.*