SEWELL *v.* ANDERSON *et al.*

624

No. 14810. April 4, 1944. Rehearing denied May 5, 1944.

G. H. Howard and Sara C. M. Torbert, for plaintiff.

Philip Etheridge, Alex M. Hilz, W. O. DuVall, and Walter Mc-Elreath, for defendants.

GRICE, Justice. The several rulings of law announced in the headnotes will not be enlarged upon, since it is believed that they are directly supported by the authorities cited in connection therewith. Some effort will be made, however, to demonstrate that, taken in connection with the preceding statement of facts, the judgment about to be rendered reversing the grant of a nonsuit is a logical sequence.

It is urged that there was no offer to restore. The petition did not allege one, and a general demurrer thereto was overruled, and that ruling is unexcepted to. We are relieved of deciding whether, under the circumstances shown by this record, it would ordinarily be necessary to restore or offer to restore, for as stated in Lawrence v. Boswell, 155 Ga. 690 (118 S. E. 45), "The general demurrer to that petition meant that the defendant raised the issue that these plaintiffs could not recover under the facts alleged. When that was overruled the judgment overruling it decided that the plaintiffs could recover under the facts alleged." Moreover, no such question is raised by the exception to the grant of a nonsuit. A motion for a nonsuit is not to determine whether the petition states a cause of action; it merely raises the question whether or not the plaintiff has proved his case as laid, without at the same time disclosing in the evidence other undisputed facts which show that nevertheless he is not entitled to recover.

It is also pressed upon us that the plaintiff alleged that after a judgment was had to the effect that he was a lunatic, the subsequent adjudication that his sanity had been restored was obtained by a fraud upon the ordinary, and that this allegation was not supported by proof. The answer to this contention is that the petition sought to cancel a deed on the ground that at the time of its execution the

maker was insane, the petition alleging in so many words that he was insane at the time the deed was executed. On the trial, there was sufficient proof on this issue to take the case to the jury. The right of the plaintiff to have the deed declared void was not dependent upon any adjudication that he was insane at the time, or that the judgment thereafter entered, purporting to declare that his sanity was restored, was obtained by fraud. The contract of an insane person, though never adjudged insane, is voidable. *Warren v. Federal Land Bank of Columbia,* supra, and cases there cited; Code, § 20-206. It is true that under the cited Code section a lesser burden is placed upon one seeking to attack such a deed when it is proved that its execution was after an adjudication of insanity and the placing of his affairs in the hands of a guardian, and when the facts warrant, it may be well for a plaintiff to so allege in a suit of this character; but it is not an essential allegation where, as here, the plaintiff alleges that the maker of the deed was insane at the time it was made. As was said in *Garrett* v. *Morris,* supra: "We are not aware of any decision of this court or any other court that holds that a plaintiff is to be nonsuited or dismissed because he fails to prove every allegation in his declaration or petition. If he makes out a case that will entitle him to recover, that is sufficient. We think we have shown that the plaintiff's proof in this case was sufficient to authorize him to recover." Since the averment now under discussion was not necessary, in view of the other allegations of the petition, a failure to support this particular averment by proof would not entitle the defendant to a nonsuit.

The rulings of the trial court on which error is assigned are affirmed except as to the grant of the nonsuit. As to that, the judgment is reversed.

*Judgment reversed in part, and affirmed in part. All the Justices concur.*