TERRELL, Chief Justice
(dissenting).
The sole point in this case is whether or not the intent of the testatrix as expressed in her will can be executed. The pertinent *268 paragraph as well as the facts on which the answer to this question turns are detailed in the majority opinion and will not be repeated here.
In view of all this court has said in defining the elements that constitute a valid will it does seem academic to repeat them at this time — so long as one does not transgress any principle of law or public policy he can dispose of his property by will as he pleases and the law enjoins us to uphold the testator’s bequest. It does more than that, it requires the courts to find a way to uphold it if within the realm of legal possibility. Cartinhour v. Houser, Fla., 66 So.2d 686. The entire will should be considered and construed liberally to give it this effect. In re Williams’ Estate, Fla., 59 So.2d 13. To ascertain and effectuate the intent of the testator is the polestar to guide us in construing a will. Intestacy is not favored but a construction leading to a valid will is favored. In re Gregory’s Estate, Fla., 70 So.2d 903. Every legal presumption should be indulged in favor of the validity of a will. When a valid intent is shown it must prevail over all other considerations and other rules of construction must give way to this cardinal rule. Mosgrove v. Mach, 133 Fla. 459, 182 So. 786.
Applying these long established principles to the case at bar, it seems crystal clear to me that the will of Mrs. Elmore, though not perfect in draftsmanship, evidences a clear intent to make a complete and perfectly natural disposition of all real property owned by her at the time of her death, whatever the quantity of her estate might be. At her death she owned sufficient land to implement this intent, even though it consisted of an undivided interest. The books are full of cases approving the devise of undivided interests.
There is not the slightest showing that the will in question was made for an illegal purpose or that it contravenes any principle of public policy. A more natural will was never made. Construed logically or in a sensible manner, the testatrix devised one acre facing on Fifteenth Street to Murle Stasser Turner, then she devised a life estate in all the balance of her property to her only son, the appellant, with remainder over to her two grandchildren, Everett Elmore and Carolyn Elmore Up-son. There is no question whatever about the legality of such a will or the ability to locate the lands devised when so construed. In decreeing intestacy the majority of this court, in my judgment, went off after a will-o’-the-wisp of their own contrivance, in disregard of the fundamental rules of interpretation detailed in the forepart of this opinion.
The land involved in the will was originally a ten acre tract located within an incorporated city. The majority opinion is grounded on the theory that the devise of one acre to Mrs. Turner cannot stand because the testatrix thought she owned ten acres in fee when in fact she owned only an undivided one-half interest in nine and one-half acres [ten acres less homestead] ; that she was a cotenant with her son Joseph, the appellant, as to all the tract; that she could not, as a cotenant, devise an acre facing on Fifteenth Street to Mrs. Turner without son Joseph’s consent, and since he elected to avoid the devise to Mrs. Turner, it must fall. The majority opinion admits that there is no Florida law on the subject but says the case “presents a theoretical difficulty * * * impossible to surmount.” This admission is supported by copious citation of authority on the law dealing with attempts by a cotenant in esse to convey specific parcels of an undivided interest without the consent of his fellow cotenant. This general rule is well recognized but like many other rules of law the exceptions to it are more numerous and more often applies than the rule. To illustrate, the majority opinion cites 86 C.J.S. Tenancy in Common, § 122 (b), p. 535, as authority for the proposition that an attempt to alienate a specific, located portion of the interest of a tenant in common is voidable at the election of the grantor’s *269 cotenants. The said citation also includes the exception, “while in no event will a conveyance of a specific part of the common property by one tenant he given an effect which will he prejudicial to the rights of his cotenants, such conveyance will be given effect as far as is consistent with the full rights of the nonconveying cotenants.” (Emphasis supplied.)
In support of the exception, it is not amiss to point out that the law is well settled that a conveyance by a tenant in common which purports to describe a definite parcel of the property, as where the description is by metes and bounds, will be effective to protect the grantee in respect to partition proceedings in cases where the rights of other cotenants are not prejudiced, as where land of such an area or value remains unconveyed, out of which their share may be satisfied in full. Highland Park Manufacturing Co. v. Steel, 4 Cir., 235 F. 465, 149 C.C.A. 11 (certiorari denied 242 U.S. 640, 37 S.Ct. 113, 61 L.Ed. 541); Ferris v. Montgomery Land & Improvement Co., 94 Ala. 557, 10 So. 607; Lawrence v. Boswell, 155 Ga. 690, 118 S.E. 45; Potter v. Wallace, 185 Ky. 528, 215 S.W. 538; Pellow v. Arctic Iron Company, 164 Mich. 87, 128 N.W. 918, 47 L.R.A.,N.S., 573; Young v. Edwards, 33 S.C. 404, 10 S.E. 1066, 10 L.R.A. 55; Hitt v. Caney Fork Gulf Coast Co., 124 Tenn. 334, 139 S.W. 693; Brown v. Brown, Tex.Civ.App., 230 S.W. 1058; Oneal v. Stimson, 70 W.Va. 452, 74 S.E. 413.
In Boggess v. Meredith, 16 W.Va. 1, the court held that where a tenant in common attempted to convey a specific parcel of the common property the conveyance would be protected only so far as it did not prejudice the other cotenant and in making such partition, if the parcel alienated could be assigned to the purchaser as a part or the whole of the share of his grantor, without preptdice to the cotenant of the grantor in the entire tract, the court will so assign it, thereby making the pttr-chaser’s title perfect. If these exceptions are good as to a deed of sale, certainly they must be good as to a will. I think there is no substance to the contentions advanced by the majority for invalidating the devise to Mrs. Turner. The record shows that Mrs. Elmore was thoroughly familiar with the res and knew what she was doing. Her interest was more than ample to cover this devise and in making it she gave heed to and did not transgress her interest or right of testamentary disposition.
As for the devise to appellant, Joseph Elmore, for life with remainder to Everett Elmore and Carolyn Elmore Upson, the grandchildren of testatrix and children of appellant, the majority opinion also declares an intestacy because of the “incongruous position” Joseph Elmore will be placed in, account of being the owner in fee of'an undivided one-half interest in the nine and one-half acre tract as well as a life tenant as to the other undivided one-half interest in the same property. Finally the majority opinion points out that appellant does not seek to partition the land but rather seeks to avoid the devise, and says that it does not appear that the grandchildren could maintain a suit for partition, consequently he [appellant] might not be able to sell his fee simple interest and the executor might be hindered in closing the estate.
All these challenges to the validity of his mother’s will on the part of appellant, including his alleged “incongruous position” and “theoretical difficulty * * * impossible to surmount,” are nothing more than gripes of dissatisfaction because the will was not made as he would have liked it rather than as it was. Not one of his objections shows illegality or that it was contrary to public policy. No lament is expressed for the grandchildren of the testatrix who are the natural objects of her bounty and who are completely disinherited by the majority opinion. There is no more common or natural disposition of property known to the law than a devise to one’s child for life with remainder to grandchildren, especially when the child has already received one-half of all the real property accumulated by his father, albeit *270 an undivided interest, and then receives from his mother a life estate in the remaining portion, as is the case at bar. Brush all the chaff from the objections raised, get right down to the kernel in the corn and there is nothing to them except that when grandma prepared her will she was not quite “choosy” enough in selecting Sunday clothes for her rural English or as the Irish might say, her “shanty English.” In fact if appellant had been given a fee instead of a life estate, this case would never have been here. No court has yet given a situation like this as reason for striking down the will.
In my view any discussion of partition at this time is premature. All we are required to do is construe the will. The emphasis on partition by the majority opinion does nothing more than obscure the main issue. What I have said about partition in this opinion was merely for the purpose of demonstrating that the rule relied on so confidently by the majority opinion is not rigid and is not applied when the rights of all interested parties may be preserved under the exception to the rule. On its face I can find no valid objection to the will. If the time comes that the parties cannot compose their differences, partition might be in order but not now.
There was no reason under law why the testatrix could not devise one acre to Mrs. Turner fronting on Fifteenth Street and the balance of her estate to her son for life, remainder over to her grandchildren. To contend that she had to get her son’s consent to do this or that it would delay administration is ridiculous but even so, it would not render the bequest or any of them illegal. The facts may be such that the gift to Mrs. Turner would be within an exception. At any rate there is no showing of prejudice to appellant’s devise and under any circumstance an opportunity should be given to effectuate all devises before striking the will down. It is, of course, commendable to dispose of estates promptly but the time of disposition does not vitiate them or the will that precipitates them, if the time of administration is not unduly strung out. I can find nothing in the will that generates an “incongruous position” or a “theoretical difficulty * * * impossible to surmount.” On the other hand, when read in the light of the principles detailed in the forepart of this dissent, I find nothing but a plain, everyday will, the like of which has been made many times and upheld. I would uphold this one. I am more interested in effectuating the intent of the testatrix and in doing justice to the bona fide beneficiaries than I am in responding to the caprice of a disappointed beneficiary. There is no showing whatever that the one acre devised to Mrs. Turner cannot be allocated to her from the interest of the testatrix and certainly the devise to appellant for life remainder over to the grandchildren should stand.
After all is said the primary trouble with the majority opinion is that it looks too much like a search for reasons to strike down one’s will instead of a search for reasons to uphold it as courts are required to do. There certainly is no legal objection to the devise to Mrs. Turner and there is no showing here that it cannot be defined and allocated to her from the interest of the testatrix. It would be utter folly to assert that the devise of a life estate to appellant, remainder over to the grandchildren [appellant’s children] was illegal or could not be executed. “Incongruous position” and “theoretical difficulty” should never be permitted to strike down a will as plain in directive as this one.
I would reverse the decree and direct the entry of one in accordance with this opinion. I am authorized to say that Mr. Justice ROBERTS concurs in the view herein expressed.
ROBERTS, J., concurs.-