# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**December 6, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**DAVID R. ATCHINSON,**
**Defendant Below, Petitioner**

**v.) No. 24-ICA-30**    (Cir. Ct. Marion Cnty. Case No. CC-24-2021-C-146)

**GLENN LANGDON,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioner David R. Atchinson appeals the December 20, 2023, final order from the Circuit Court of Marion County. The final order directed the partitioning in kind of six parcels of land in which Mr. Atchinson and Respondent Glenn Langdon each own an undivided interest. Mr. Langdon filed a response.[1] Mr. Atchinson filed a reply. The issue on appeal is whether the circuit court erred in its allotment of those parcels between the parties.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties are cotenants who own undivided interests in the surface of six parcels of land located in Marion County. Mr. Langdon is the majority owner with a two-thirds undivided interest and Mr. Atchinson owns the remaining one-third undivided interest. According to a property appraisal admitted at trial, the parcels have an approximate total value of $370,000.00. Individually, the parcels are approximately valued as follows: Parcel One contains 30.25 acres and is valued at $67,000.00; Parcel Two contains 20.00 acres and is valued at $55,000.00; Parcel Three contains 63.03 acres and is valued at $110,000.00; Parcel Four contains 41.50 acres and is valued at $60,000.00; Parcel Five contains 10.50 acres and is value at $30,000.00; and Parcel Six contains 17.50 acres and is valued at $48,000.00. Mr. Langdon also owns a separate 62.91-acre tract of land which lies to the north of Parcels One, Two, and Three. This lot borders Parcel Two.

---

[1] Mr. Atchinson is represented by John R. Funkhouser, Esq. Mr. Langdon is represented by K. Alex Miller, Esq., and Kenneth R. Miller, Esq.

1

On October 5, 2021, Mr. Langdon filed his complaint, seeking to partition the subject lots pursuant to the provisions of West Virginia Code §§ 37-4-1 to -9. The complaint sought allotment of all of the lots to Mr. Langdon for fair market value. Alternatively, the complaint requested partition in kind in which the parties would receive a portion of the real estate in relation to the size of their fractional undivided ownership interests.

The circuit court held a bench trial on September 22, 2023. According to the final order, Mr. Langdon testified that if he were awarded Parcels One, Two, and Three that he would own a contiguous farm of approximately 176.19 acres, which included his separate 62.91-acre tract. He further testified that his family plans to make this farm their permanent residence once the partition was finalized.

Mr. Langdon presented the circuit court with two options for partitioning the property in kind. Under the first option, Mr. Langdon proposed that he receive Parcels One, Two, Three, and Five and Mr. Atchinson would receive Parcels Four and Six. To offset the difference in appraised values, Mr. Langdon would pay Mr. Atchinson $15,333.33 at closing. As a second option, Mr. Langdon proposed that he receive Parcels One, Two, and Three and Mr. Atchinson would receive Parcels Four, Five, and Six. To offset the difference in appraised values, Mr. Atchinson would pay Mr. Langdon $14,667.00 at closing.

Mr. Atchinson proposed his own two options. First, he requested Parcels One and Four with Mr. Langdon receiving Parcels Two, Three, Five and Six, in addition to an equalizing payment of $3,665.00. Alternatively, he requested Parcels One, Four, and Three with Mr. Langdon receiving the remaining Parcels along with an equalizing payment of $113,665.00. Mr. Atchinson indicated that he and his children sought Parcel One because it had never been treated with herbicides and was ideal for organic farming and agriculture. He sought Parcel Four because it was where he and his late wife were married. Mr. Atchinson's adult children also testified and reflected on childhood memories on Parcels One and Four and echoed their father's desires to organically farm Parcel One. Mr. Atchinson's daughter also testified that Parcels One and Four did not have powerlines which was ideal for her autistic child.[2]

---

[2] For reasons not evident from the record, the circuit court's order lacks any factual findings regarding the evidence offered by Mr. Atchinson or his witnesses at trial, leaving this Court to attempt to glean those facts from the appendix record. While this omission does not affect our ruling in this particular appeal, we take this opportunity to remind lower courts of their obligation to issue orders with detailed findings of fact and conclusions of law. *See Mullins v. Mullins*, 226 W. Va. 656, 662, 704 S.E.2d 656, 662 (2010) (per curiam) (citation omitted) (recognizing that sufficient findings of fact and conclusions of law are required for meaningful appellate review of lower court orders); W. Va. R. Civ. P. 52(a)

In its final order, the circuit court determined that our law favors a partition in kind between cotenants when the partition is convenient, and that partition in kind could be conveniently accomplished in this case. It further concluded that in *Garlow*, our Supreme Court of Appeals held that a cotenant who owns adjoining land is entitled to have his share allotted to him out of that part of the land adjoining his other lands. Syl. Pt. 3, *Garlow v. Murphy*, 111 W. Va. 611, 163 S.E. 436 (1932), *superseded on other grounds by statute as recognized in Ark Land Co. v. Harper*, 215 W. Va. 331, 340, 599 S.E.2d 754, 763 (2004). Here, the circuit court determined that the properties would be much more valuable when owned contiguously.

Based upon this reasoning, the circuit court awarded Mr. Langdon Parcels One, Two, Three, and Five. Mr. Atchinson received Parcels Four and Six. It was ordered that Mr. Langdon pay Mr. Atchinson an offset payment of $15,333.33. The circuit court concluded that this allotment would allow Mr. Langdon to adjoin his parcels and in doing so, would not injure the interests of Mr. Atchinson as a cotenant. This appeal followed.

On appeal, we apply the following standard of review:

In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Pub. Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996).

On appeal, Mr. Atchinson's lone assignment of error is that the circuit court failed to rule in his favor based upon its subjective opinion that the properties were much more valuable when owned contiguously. In support, he maintains the circuit court failed to consider the full language used in *Garlow*, which states: "An arbitrary allotment cannot be exacted by the cotenant. However, he is entitled to have his share allotted to him next to adjoining land which he may own, if this can be done without injury to the interests of his cotenants." *Garlow* at 161, 163 S.E. at 437, syl. pt. 3. On this issue, Mr. Atchinson claims the sentimental value he and his children expressed regarding Parcel One, the Parcel's suitability for organic farming, and its benefits for Mr. Atchinson's autistic grandchild are all injuries the circuit court failed to consider. According to Mr. Atchinson, "[w]hile there was not a lot of testimony in this case, there was enough to show, convincingly . . . a rich

(requiring that "[i]n all actions tried . . . without a jury . . . the court shall find the facts specially and state separately its conclusions of law thereon[.]").

3

tradition of family farming," and that Parcel One was necessary for he and his family to continue that tradition.

While Mr. Atchinson is correct in his observation that the circuit court did not include the full language of *Garlow* in its final order, he has failed to show what injury, if any, he would suffer as a result of the allotment of Parcel One to Mr. Langdon in this case. While Mr. Atchinson contends that the prospect of an organic farm, nostalgia, and the lack of powerlines are injuries his interest would suffer by not receiving Parcel One, his brief fails to cite to any authority which stands for such a proposition, establishes that *Garlow* was misapplied, or that there was error in the circuit court's conclusion that Mr. Atchinson's interests would not be injured by its allotment of the Parcels between the parties. Instead, the substance of his argument is that he disagrees with the circuit court's ruling and ultimately asks this Court to reweigh the evidence and reach a more favorable conclusion. However, it is well established that on appeal, "[a]n appellate court does not reweigh the evidence[.]" *State v. Thompson*, 220 W. Va. 246, 254, 647 S.E.2d 526, 534 (2007) (per curiam); *Coles v. Century Aluminum of W. Va.*, No. 23-ICA-81, 2023 WL 7202966, at *2 (W. Va. Ct. App. Nov. 1, 2023) (memorandum decision) (noting that an appellate court will not reweigh the evidence presented below on appeal). Therefore, we cannot conclude that the circuit court's ultimate disposition is an abuse of discretion or that its factual findings are clearly erroneous.

Accordingly, we affirm.

Affirmed.

**ISSUED:** December 6, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear