# CHARLESTON.

LOUDIN *et al.* v. CUNNINGHAM *et al.*

Submitted April 23, 1918.   Decided May 7, 1918.

1. PARTITION—*Sale of Land—Requisites.*

   In order to justify a sale of land in a partition suit it must be shown (1) that the land is not susceptible of equitable partition, and (2) that the interests of all the cotenants will be promoted by a sale and distribution of the proceeds.   (p. 455).

2. SAME—*Land Susceptible of Partition—Sale—Report of Commissioners.*

   The most usual method of ascertaining whether the land is susceptible of convenient partition is by the report of commissioners, but when their report simply states that the land is not susceptible of convenient and equitable partition, and mentions no facts justifying their conclusion, it does not warrant a decree of sale.   (p. 457).

3. SAME—*Sale—Bill—Answer—Burden of Proof.*

   The averment in a bill for partition, that the land is not "susceptible of convenient or equitable partition among those entitled thereto," is sufficiently denied by an answer averring that "the land in question is susceptible of partition in kind among the various owners thereof," and casts the burden upon plaintiff to prove the existence of such facts and conditions as render a sale necessary.   (p. 455).

4. SAME—*Equitable Partition—Sale.*

   A cotenant is entitled to have his share allotted to him out of that part of the land adjoining his other lands, only when it can be done without injury to the interests of his cotenants; if it cannot be done and equitable partition of the land can otherwise be made, it is error to decree a sale.   (p. 457).

Appeal from Circuit Court, Wetzel County.

Suit for partition by Mary W. Loudin and others against A. A. Cunningham and others.   Decree for plaintiffs, and defendants A. A. Cunningham and others appeal from a portion thereof.

*Reversed and remanded.*

*Thos. H. Cornett,* for appellants.

*Cox & Baker,* and *L. J. Forman,* for appellees.

WILLIAMS, JUDGE:

This appeal, taken by A. A. and E. E. Cunningham, brings up for review a decree entered by the circuit court of Wetzel county for the sale of a tract of land in a proceeding to have it partitioned among the joint owners thereof. There had been a severance of the title, and the coal, the oil and gas and the surface of the land were owned in different proportions. The several interests were decreed to be sold, but complaint is made of so much only of the decree as directs a sale of the surface. Appellants insist the land is capable of equitable partition and, therefore, it was error to decree a sale. The bill was filed by Mary W. Loudin and others against A. A. Cunningham, E. E. Cunningham and others, and the tract is described as containing 63 acres and 103 poles. The parties are jointly interested in the surface in the following proportions: Mary Loudin, 5/20; Edna Whisler, 1/20; Esther Whisler Foreman, 1/20; Ella Marple, 1/20; and A. A. and E. E. Cunningham, together, 12/20. F. F. Morgan, a surveyor, C. E. Clovis and S. J. Talkington were appointed commissioners to go upon the land and make partition thereof among those entitled thereto, if they should find it susceptible of convenient and equitable partition and if not susceptible of such partition then they were directed to ascertain whether their interests would be promoted by a sale, and, in either event, to report their proceedings to court. The commissioners went upon the land on the 14th day of November, 1916, and examined it and reported that it was not susceptible of convenient and equitable partition among the parties, and "that the interests of a majority of those entitled thereto would be promoted by a sale thereof." The tract consisted of two parts, adjoining each other for a short distance at the southeast corner of one piece and the northwest corner of the other, and separated by a county road extending the full distance along the northern boundary of the southern piece. The southern piece is much the smaller one, but much superior to the other for agricultural purposes. The Cunninghams own other land adjoining the southern piece on the south, and the commissioners were directed, in the event the land was susceptible of partition, to

assign to them their 12/20th of the 63 acres and 103 poles out of the land which adjoined their other lands, provided that could be done without injury or prejudice to the interests of the other cotenants.

The reason assigned by the commissioners for reporting the land not susceptible of equitable partition is, that to assign to the Cunninghams their share in the entire tract out of that part of it which lies next to their own land would give them nearly all the fertile part of the 63 acres and 103 poles, and render the balance of it almost valueless. Counsel for appellants insists that this is only the statement of their own conclusion, which does not necessarily follow from any facts that are made to appear, and, therefore, did not justify the decree of sale. In reply to this contention, counsel for appellees insists that the allegation in the bill, that the tract is not susceptible of convenient or equitable partition among those entitled thereto, and that their interests will be promoted and none of their rights violated by a sale thereof, is not denied in the answer of the Cunninghams, and hence stands as confessed, and no proof of the averment was necessary in order to justify the decree of sale. This latter contention, however, is not sustained by the record. The Cunninghams aver in their answer, "that the land in question is susceptible of partition in kind among the various owners thereof, and that in making said partition the lot or parcel that shall be assigned to your answering respondents can be laid off adjoining their other land above mentioned without prejudice to the rights of any of the other owners of the land in question or of any interest therein." This averment had special reference to the partition of the surface, and is, in effect, a denial of the allegation in the bill. The thing which the bill avers cannot be equitably done, the answer says can be done. The answer must be read in the light of the law respecting the right of partition, and thus read, it means that such partition as the law authorizes can be made, that is an equitable partition. Of course, a partition, which would be injurious to the interest of any one of the parties, or of any number of them, would not be an equitable partition, and, therefore, would not be such a partition as the law

authorizes to be made. Hence, properly construed, the aver-
ment of the answer is, that equitable partition of the land
can be made among the parties.

The common law did not authorize a sale of lands jointly
owned, in case partition could not be made; and only that
class of joint owners technically called coparceners could
compel partition; that is, heirs inheriting from the same
source at the same time. But by statute enacted in Virginia
at an early date, and adopted by this State, Sec. 1, Ch. 79,
Barnes' Code, tenants in common and joint tenants were also
given the right to compel partition. In many cases, however,
it was not possible to make partition without injury to the
interests of some or all of the cotenants, for example, as
partition of a mill, factory, or a house and lot; but not until
the Revised Code of Virginia of 1849 was any provision made
for a sale, except in case of land held in coparcenary where
one of the parties was an infant, feme covert, non compos
mentis, or beyond the seas, and such one's interest did not
exceed in value $300.00. The Revised Code, Sec. 2, Ch. 124,
first provided for a sale in any case of compulsory partition,
where the land is not susceptible of equitable partition. Sec.
3, Ch. 79, Code of West Virginia, is copied from the Virginia
statute, and provides, that where "partition cannot be con-
veniently made, if the interests of those who are entitled to
the subject, or its proceeds, will be promoted by a sale of the
entire subject, or allotment of part and the sale of the resi-
due, the court, notwithstanding any of those entitled may be
an infant, insane person, or married woman, may order such
sale, or such sale and allotment, and make disposition of the
proceeds of sale." A cotenant cannot have the land sold
rather than partitioned, as matter of right, the right of sale
being only an incident of, and subordinate to the right of
partition. Certain facts must exist before the court is
authorized by the statute to sell. It must appear (1) that
partition cannot be conveniently, or equitably made, and (2)
that the interests of all the joint owners will be promoted by
a sale, before the court can properly decree a sale. This
court has held in a number of cases, that a sale of land in a
partition suit cannot be decreed, "unless it affirmatively ap-

pears in the record that partition cannot be conveniently made and that the interests of the parties entitled to such real estate will be promoted by a sale thereof'', which is but the plain meaning of the statute.  *Harrold* v. *Craig,* 59 W. Va. 353; *Casto* v. *Kintzel,* 27 W. Va. 750; *Roberts* v. *Coleman,* 37 W. Va. 143; *Stewart* v. *Tennant,* 52 W. Va. 559; and *Smith* v. *Greene,* 76 W. Va. 276.

''Meagerness of area in some or all of the shares, due to the necessity of dividing a small tract of land among a number of people * * * * * does not *per se* make partition inconvenient within the meaning of the statute.''  *Croston* v. *Male,* 56 W. Va. 205.

The most usual method of ascertaining whether the land is susceptible of convenient partition is from the report of commissioners.  If, after examining the land, they find it cannot be conveniently partitioned, they must state in their report to the court the facts on which their finding is based, to enable the court to determine whether their conclusion is warranted by the facts.  *Stewart* v. *Tennant, supra;* and Freeman on Cotenancy, Sec. 543.  No facts are stated by the commissioners in this case, which justify their conclusion that convenient partition of the surface of the tract of 63 acres and 103 poles of land cannot be made.  But one fact is reported by them, i. e., to assign the Cunninghams their portion next to their own land would give them nearly all the fertile land and render the balance almost valueless.  That fact does not show the land cannot be fairly partitioned.  It is not essential to an equitable partition that the interests of the Cunninghams should be laid off next to their other land.  That is an equitable consideration to which they are entitled, only in the event an equitable partition can be made in that manner; if it cannot be done in that way, and can be done by assigning to them their portion in some other part of the land, then partition should be made in that way rather than a sale of the land and division of the proceeds.  In making partition of land, value as well as quantity must be considered, and if the Cunninghams' 12/20ths should be assigned to them next to their own land, and that portion of the tract is more valuable per acre than other parts of it, their equitable portion

would necessarily be less than 12/20ths of the acreage. Neither is it made to appear that the interests of the joint owners will be promoted by a sale, but only that the interests of a majority of them will be promoted thereby. It is essential that all of their interests be promoted; a sale cannot be made when the effect is to benefit some of the joint owners and injure others; all must be benefitted or a sale cannot be lawfully made.

It being incumbent upon those desiring a sale rather than a partition to show affirmatively that equitable partition is impracticable in order to justify a sale, it is not material that the exception taken by the Cunninghams to the commissioners' report does not state specific grounds therefor.

In so far as the decree directs a sale of the surface of the 63 acres and 103 poles of land it is reversed, and the cause is remanded for further proceedings according to the principles herein stated and further according to the rules and principles governing courts of equity.

*Reversed and remanded.*