709 S.E.2d 733

**Barbara RENNER and John L. Renner, Plaintiffs Below, Appellees**

v.

**Edgar L. BONNER and Hazel E. Bonner, Melissa Cox Felske, Rosemary Lang, Brian Trunk, Michael Trunk, Ryan J. Renner and David Renner, Defendants Below**

**Edgar L. Bonner and Hazel E. Bonner, Appellants.**

**No. 35528.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 19, 2011.

Decided May 2, 2011.

Keith White, Esq., Bryant & White, Attorneys at Law, St. Marys, WV, Attorney for Appellants.

Frederick E. Gardner, Esq., Gardner Law Offices, PLLC, Moundsville, WV, Attorney for Barbara Renner and John L. Renner, Appellees.

Brian K. Carr, Esq., Carr Law Offices, PLLC, St. Marys, WV, Attorney for Melissa Cox Felske, Brian Trunk and Michael Trunk, Appellees.

PER CURIAM:

The instant action is before this Court upon the appeal of Edgar L. Bonner and Hazel Bonner ["Appellants"] from a December 16, 2009, order of the Circuit Court of Tyler County, West Virginia, which found that the property which is the subject of this appeal ["the property"] is not susceptible to partition and which accordingly ordered a sale of the property at public auction. The Bonners allege that the circuit court erred in its ordering that the property be sold because: (1) the Commissioners' report did not contain sufficient facts to support the court's determination that the property could not be

partitioned in kind; (2) there was an absence of evidence presented to the Court which demonstrated that the property could not be partitioned in kind; (3) there was a lack of evidence presented that the sale would not prejudice the interests of the Appellants; and (4) Barbara Trunk Renner and John L. Renner ["Appellees"] created "sham transactions" conveying small undivided interests in the property for the purpose of defeating a partition in kind.[1]

Conversely, Appellees assert: (1) that the Commissioners made a sufficient finding of fact upon which the circuit court properly relied in finding that the property was not susceptible of equitable partition; (2) that the Appellants would not be prejudiced by the sale of the property because they would not be landlocked as alleged; and (3) that the conveyances by Barbara Renner of small interests in the property were not unconscionable or inequitable. This Court has before it the petition for appeal, all matters of record and the briefs and argument of counsel. For the reasons expressed below, the December 16, 2009, order of the Circuit Court of Tyler County is reversed and this matter is remanded with instructions.

## I.

### FACTUAL AND PROCEDURAL HISTORY

The property which is the subject of this action is located in Meade District, Tyler County, West Virginia, which is described by the Appellant as consisting of two contiguous parcels of 110–124/160 acres and 8 acres 104 poles respectively.[2] The property was owned by Robert E. Amos who died testate and by his last will and testament of record in the Office of the Clerk of the County Commission of Tyler County, West Virginia, in Will Book 14, at page 331, devised his real estate to his nine grandchildren, namely, Anita J. Worden, Robert Rymer Amos, Ruth A. Worden, Russell A. Worden, Harry O. Worden, Robert G. Worden, James O. Worden, James H. Thorn and Mary K. Thorn. James O. Worden died intestate leaving Billie G. Worden as his sole heir at law. Each of the devisees inherited a one-ninths (1/9) interest in the property.

Beginning in February, 1999, Barbara Trunk Renner, Appellee, began to purchase the heirs' one-ninths (1/9) interests in the property as follows:

(a) Deed to Barbara Trunk from Ruth Savage Campbell, dated March 30, 1999, and of record in said Clerk's Office in Deed Book 327, at page 452, for the sum of $6,000.

(b) Deed to Barbara Trunk from Rosemary E. Worden, dated February 28, 1999, and of record in said Clerk's Office in Deed Book 327, at page 455, for the sum of $6,000.

(c) Deed to Barbara Trunk from Robert G. Worden, dated February 28, 1999, and of record in said Clerk's Office in Deed Book 327, at page 447, for the sum of $6,000.

(d) Deed to Barbara Trunk Renner from Mary Thorn, dated April 6, 2000, and of record in said Clerk's Office in Deed Book 330, at page 467, for the sum of $7,000.

---

1. In addition to the response brief filed by Appellees, Barbara Trunk Renner and John Renner, Barbara Trunk Renner's children, Appellees Melissa Cox Felske, Brian Trunk, and Michael Trunk also filed a response brief in this appeal. The remaining Appellees, Rosemary Lang, Ryan Renner and David Renner, did not file a response brief herein. Contrary to the assertions of the Appellants, Appellees allege that they each purchased small interests in the subject real estate incident to the efforts of Barbara Trunk Renner to raise capital to finance other litigation against an oil and gas company that was allegedly trying to gain access across her property. Appellees Felske, Brian Trunk, and Michael Trunk did not disagree with any allegations made in the Complaint filed by Barbara Trunk Renner and John

Renner. Accordingly, it appears from the record that Barbara Trunk Renner and John Renner are the main Appellees at interest in the instant appeal. Unless otherwise specified, we hereinafter refer to Barbara Trunk Renner and John Renner as "the Appellees" in this opinion.

2. Appellees conversely describe the property as containing approximately 120.65 acres which is contained in three separate assessments in Meade District, upon which is situate a two-story residence which was constructed circa 1850, and a cabin which was constructed by the Appellees. Appellees also assert that the property contains fields, some cultivated, some not, a large wooded area, steep hillsides, and wet bottom lands.

(e) Deed to Barbara Trunk from Russell A. Worden, dated February 28, 1999, and of record in said Clerk's Office in Deed Book 327, at page 458, for the sum of $6,000.

(f) Deed to Barbara Trunk from Ricky Amos, dated April 22, 1999, and of record in said Clerk's Office in Deed Book 327, at page 461, for the sum of $7,150.

As a result of the above described deeds, Appellee Barbara Trunk Renner owned six-ninths (6/9) of the property. In 2000, Barbara Trunk Renner filed a partition suit in the Circuit Court of Tyler County, West Virginia, Civil Action No. 00–C–20M, against Billie G. Worden, C.W. Anderson, and Mary Thorn Anderson, who owned the remaining three-ninths (3/9) of the property.

Appellants Edgar L. Bonner and Hazel Bonner are the owners of a tract of real estate which borders the subject property. The Bonners allege that the only access of their land to the state highway is by a prescriptive easement across the property which is the subject of Appellees' partition action. During the pendency of the partition suit, the Bonners obtained an undivided one-ninths (1/9) interest in the property by virtue of a deed from Billie G. Worden dated January 30, 2001, and of record in the Office of the Clerk of the County Commission of Tyler County, West Virginia, in Deed Book 332, at page 524. The Bonners contend that they purchased this one-ninths (1/9) interest to preserve their right to cross the subject property to the state highway.

As a result of their purchase of a one-ninths (1/9) interest, Appellants intervened as third party defendants in the partition action, Civil Action No. 00–C–20M. Thereafter, Appellees filed a separate suit against Appellants, the Bonners, Civil Action No. 02–C–19K, claiming that they illegally interfered with a contract between Barbara Trunk Renner and Billie G. Worden. In this separate action, Appellees sought to have the conveyance by Billie G. Worden to the Appellants set aside. They also sought related damages. This second action, Civil Action No. 02–C–19K, was consolidated with the partition suit, Civil Action No. 00–C20M. During the pendency of the consolidated suit,

Appellees obtained the remaining a two-ninths (2/9) interest in the subject premises by deed from Mary Kay Thorn Anderson and Wallace Anderson, her husband, dated February 2, 2005, and of record in said Clerk's Office in Deed Book 345, at page 313.

As a result of motions for summary judgment, on February 3, 2005, Judge Madden granted a partial summary judgment in favor of the Appellants. This partial summary judgment found, in essence, that the Bonners were the lawful owners of a one-ninths (1/9) interest in the property. The Appellees owned the other eight-ninths (8/9) undivided interest in the property.

On April 11, 2005, Appellees filed a voluntary motion to dismiss the partition suit which was granted. Thereafter, Appellees began to transfer small undivided interests out of their eight-ninths (8/9) interest to relatives of Appellee Barbara Trunk Renner as follows:

(a) Melissa Cox Felske as owner of an one twenty-fifth (1/25) undivided interest of a one-ninth (1/9) undivided interest in the property by virtue of a deed from Barbara Renner to Melissa Cox, dated April 24, 2005, and of record in said Clerk's Office in Deed Book 346, page 613;

(b) Rosemary Lang as owner of an undivided one-hundredth (1/100) of an undivided one-ninth (1/9) interest in said property by virtue of a deed from Barbara Renner to Rosemary Lang, dated May 11, 2005, and of record in said Clerk's Office in Deed Book 347, page 137;

(c) Brian Trunk as owner of an undivided one twenty-fifth (1/25) interest of an undivided one-ninth (1/9) interest in and to said property by virtue of a deed from Barbara Renner to Brian L. Trunk, dated April 21, 2005, and of record in said Clerk's Office in Deed Book 346, at page 615;

(d) Michael Trunk as owner of an undivided one-fifth (1/5) interest of an undivided one-ninth (1/9) interest in said property by virtue of a deed from Barbara Renner to Michael Trunk, dated April 28, 2005, and of record in said Clerk's Office in Deed Book 347, at page 146;

(e) Ryan J. Renner as owner of an undivided one sixty-fourth (1/64) interest of an undivided one-ninth (1/9) interest in said property by virtue of a deed from John L. Renner, II, to Ryan J. Renner, dated May 11, 2005, and of record in said Clerk's Office in Deed Book 346, page 745;

(f) David Renner as owner of an undivided one seventy-fifth (1/75) interest of an undivided one-ninth (1/9) interest in said property by virtue of a deed from John L. Renner II to David Renner, dated May 5,2005, and of record in said Clerk's Office in Deed Book 346, page 728.

By 2007, the Bonners still owned one-ninths (1/9) undivided interest in the subject property. Appellees still owned eight-ninths (8/9) of the property subject to the small out conveyances by the Appellees to Brian Trunk, Ryan Renner, David Renner, Melissa Cox Felske, Rosemary Lang, and Michael Trunk. In 2007, Appellees then initiated a new partition suit against Appellants and Barbara Trunk Renner's relatives owning the small undivided interests in the subject property in the Circuit Court of Tyler County, West Virginia. In their action, Appellees contended that the property was not susceptible of partition in kind and should be allotted to the Appellees or sold. The Appellants, the Bonners, filed an answer denying that the interests of all the parties would be promoted by an allotment or sale and alleging that Appellees' conduct was inequitable because the claim advanced by the Appellees that the property was not susceptible to partition was due to sham real estate transactions by Appellees which conveyed minuscule undivided interests in the real estate to her relatives. The six owners of the small undivided interests, who were all relatives of the Appellee, Barbara Trunk Renner, all requested that the real estate be allotted to the Renners and that the Appellants be awarded just compensation for their one-ninths (1/9) interests. These six owners of the small undivided interests in the subject property made no other appearance in the proceeding.

On June 7, 2007, a hearing was held before the circuit court upon the motion of Appellees to appoint Commissioners to determine whether the property was subject to partition. Appellants filed objections to the appointment of these Commissioners alleging that the Court should first determine whether the Appellees were barred from claiming that the property could not be partitioned in kind because the Appellees had engaged in sham conveyances in order to defeat partition. In that hearing, the circuit court noted that it was not aware of any law prohibiting Barbara Trunk Renner from conveying small interests in the subject property to family members. The Court went on to appoint three Commissioners, Henry Parsons, Jeffrey Davis, and Edwin Weigle, to prepare a report as to whether the property could be partitioned.

The Commissioners filed their report on November 29, 2007. The report stated that the biggest concern of both parties was the right of way road that is located on the property, and who had the right to the use of this road. Accordingly, the Commissioners' report found the following:

It is the commissioner's feelings that felt [sic] the property should be surveyed and split into two separate parcels with the center of the right of way road as the division line. With that division that both owners of the two parcels would have joint use of the road. Then with the two parcels not susceptible to partition and the recommendation of sale of both parcels on the court house steps. With this sale the division of the property owners would be given their fair share of both parcels.

This would allow the parties involved the opportunity to bid on one or both parcels as mentioned above. If the Court is not in agreement to the division of the property into two parcels as mentioned above, then it is the commissioner's belief that the property can not be partitioned equally and sold as is.

On the 6th day of March, 2008, the parties were informed by the Court that the Commissioners had filed their report. The Appellants timely filed objections to the report arguing: (1) that the Commissioners should have allotted the smaller parcel to the Appellants, with the larger parcel being allotted to Appellees or sold; (2) that the Commissioners failed to state facts and reasons support-

ing their conclusion that the real estate could not be partitioned in kind; and (3) that the sale of said real estate would not promote the interest of the Appellants, who used the right of way across the property to reach their real estate that bordered the property. Appellants alleged that unless the sale would be made subject to the right of way, their real estate adjoining the subject real estate would be landlocked. The Appellees also filed an objection to the report objecting to the partition of the real estate into two parcels before sale.

On July 31, 2009, the Court held a hearing upon the objections of the parties to the Commissioner's report. Although both parties had a number of witnesses present, including the Commissioners, the Court, without taking any evidence or testimony, determined that the real estate should be sold as one parcel and appointed Special Commissioners to sell the real estate at public auction. On January 15, 2010, a judicial sale was held at the front door of the Tyler County Courthouse at which the only bidders were the Appellees and the Appellants. The sale was conducted as an auction and there were forty separate bids. The highest bid was submitted by John and Barbara Renner in the amount of Two Hundred Thirty–Five Thousand Dollars.

## II.

### STANDARD OF REVIEW

 This Court has held that,

"[i]n reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review."

3. As we have done in previous partition cases, we will construe the proceedings before the circuit court as a bench trial. The record does not indicate that either party moved for summary judgment in this case. Rather, the case was presented to the circuit court based upon objec-

Syllabus Point 1, *Public Citizen, Inc. v. First National Bank in Fairmont,* 198 W.Va. 329, 480 S.E.2d 538 (1996).[3] This Court has also made it clear that,

"[t]he deference accorded to a circuit court sitting as factfinder may evaporate if upon review of its findings the appellate court determines that: (1) a relevant factor that should have been given significant weight is not considered; (2) all proper factors, and no improper factors, are considered, but the circuit court in weighing those factors commits an error of judgment; or (3) the circuit court failed to exercise any discretion at all in issuing its decision."

Syl. Pt. 1, *Brown v. Gobble,* 196 W.Va. 559, 474 S.E.2d 489 (1996). With these standards in mind, we now consider the issues presented in this case.

## III.

### DISCUSSION

Appellants allege the following three assignments of error: 1) that the circuit court erred in ordering a sale of the property where the commissioners' report failed to contain facts sufficient to support a conclusion that the subject premises could not be partitioned in kind and where there was a lack of evidence presented to the circuit court that the property could not be partitioned in kind; 2) that the circuit court erred in ordering a sale of the subject real estate where there was a lack of evidence, testimony and facts in the commissioners' report which showed that the Appellants' interests would not be prejudiced by the sale since their property, which adjoined the subject property, would be landlocked if the subject property were sold; and 3) that the circuit court erred in ordering a sale of the subject property where the Appellees conveyed small interests in said property for the purpose of defeating a partition in kind.

Specifically, Appellants allege that had they been allowed to proceed with introduc-

tions to the report of the special commissioners, upon which a hearing was held. Although the circuit court failed to take any evidence or testimony, the disposition below is that of a judgment entered in a bench trial. *See Ark Land Company v. Harper,* 215 W.Va. 331, 599 S.E.2d 754 (2004).

ing evidence and testimony at the July 31, 2009, hearing, they would have produced evidence as to the existence of the right of way by prescriptive easement, the fact that their own tract of real estate would be landlocked if the real estate were sold, the value of the subject premises, the manner in which the premises could have been equitably partitioned in kind, evidence concerning why the Commissioners believed the real estate could not be partitioned in kind and the fact that the small conveyances to the Plaintiffs relatives were for the sole purpose of defeating a partition in kind.

 In a partition suit, the circuit court has jurisdiction to decide all questions of law and fact affecting the title in the land sought to be partitioned. *See Hudson v. Putney,* 14 W.Va. 561 (1878); *Shaffer v. Shaffer,* 69 W.Va. 163, 71 S.E. 111 (1911); W. Va.Code § 37–4–1 (1939). In addition, West Virginia Code § 37–4–3 (1923), in relevant part, provides the following:

> When partition cannot be conveniently made, the entire subject may be allotted to any party or parties who will accept it, and pay therefor to the other party or parties such sum of money as his or their interest therein may entitle him or them to; *or in any case in which partition cannot be conveniently made, if the interests of one or more of those who are entitled to the subject, or its proceeds, will be promoted by a sale of the entire subject, or allotment of part and sale of the residue, and the interest of the other person or persons so entitled will not be prejudiced thereby,* the court ... may order such sale[.]

(Emphasis added). Adhering to the statutory requirements of W. Va.Code § 37–4–3, this Court has held that,

> "By virtue of W. Va.Code, 37–4–3, a party desiring to compel partition through sale is required to demonstrate that the property cannot be conveniently partitioned in kind, that the interests of one or more of the parties will be promoted by the sale, and that the interests of the other parties will not be prejudiced by the sale."

Syl. Pt. 3, *Consolidated Gas Supply Corp. v. Riley,* 161 W.Va. 782, 247 S.E.2d 712 (1978).

 "The question of what promotes or prejudices a party's interest when a partition through sale is sought must necessarily turn on the particular facts of each case." *Consolidated Gas Supply Corp.,* 161 W.Va. at 788, 247 S.E.2d at 715. This Court has held that "[t]he most usual method of ascertaining whether a tract of land is susceptible of convenient partition is by the report of the commissioners, but when their report simply states that the land is not susceptible of convenient and equitable partition, and mentions no facts justifying their conclusion, it does not warrant a decree of sale." Syllabus Point 2, *Loudin v. Cunningham,* 82 W.Va. 453, 96 S.E. 59 (1918). Furthermore, "... [t]he report is not evidence of facts not stated therein; so that if it fails to state facts showing that the interest of the owners will be promoted by a sale, and such facts do not otherwise appear from the record, a decree of sale is unwarranted and it will be reversed." Syl. Pt. 3, in part, *Bracken v. Everett,* 95 W.Va. 550, 121 S.E. 713 (1924).

In the case *sub judice,* the Appellants answered the Complaint by asserting that subject property could be partitioned in kind. Appellants asserted that their interest would be prejudiced if a sale of the real estate would be ordered, alleging that their adjoining tract would be landlocked. Although the Commissioners' Report opines that the property could not be conveniently partitioned in kind, it is devoid of any facts substantiating such a finding. It also fails to state any facts showing that the interests of the owners would be promoted or prejudiced by a sale.

The record reflects that at the July 31, 2009, hearing before the circuit court, the Appellants were prepared to present evidence that the property could be partitioned in kind. However, the circuit court denied the Appellants the opportunity to present any evidence whatsoever. In a summary order entered on December 16, 2009, the circuit court, without stating any supporting facts or evidence, simply found that the property was not susceptible to partition and adopted the recommendation of the Commissioners to sell the property. We find that the circuit court's order lacks the required factual findings supporting the conclusion that the

property cannot be conveniently partitioned in kind, that the interests of one or more of the parties will be promoted by the sale, and that the interests of the other parties will not be prejudiced by the sale. Syl. Pt. 3, *Consolidated Gas Supply Corp. v. Riley,* 161 W.Va. 782, 247 S.E.2d 712 (1978).

Additionally, Appellants asserted below that the Appellees should be barred from seeking a sale of the subject property because they engaged in a series of "sham" transactions with the intention of making a partition in kind impossible. These transactions created multiple minuscule undivided interests in the property. In addition, Appellants contend that the dispute over their right to access their tract of land across the subject property must be resolved before a determination is made concerning the partition or sale of the property.

■ At the June 7, 2007, hearing to appoint the commissioners, the court summarily disposed of the sham transactions issue presented by the Appellants by simply stating that it did not "know of any prohibition to prevent [Barbara Trunk] Renner from transacting—signing off parcels as she needs to family members, or whoever." In the August 23, 2007, order appointing the commissioners, the circuit court merely noted that the Appellants voiced their objection to the appointment of commissioners on the ground that the Appellees had made sham conveyances. The Court, without engaging in any legal discussion of the issue whatsoever, stated that it was of the opinion that Barbara Trunk Renner was free to convey her property to whomever she desired and for whatever reason, and overruled the Appellants' objections. We find that the circuit court, sitting as a court of equity, should have fully considered the issue of whether Barbara Trunk Renner actually engaged in any sham transactions in an effort to defeat partition in kind. *See Ark Land Company v. Harper,* 215 W.Va. at 334, fn. 4, 599 S.E.2d at 757, fn. 4 (recognizing at common law, that a partition proceeding is a hearing in equity)(noting, "... the provision of the constitution guarantying trial by jury does not relate to or give right to trial by jury in suits in equity involving such matter." Syl. pt. 7, in part, *Davis v.*

*Settle,* 43 W.Va. 17, 26 S.E. 557 (1896)). *See also Bishop Coal Co. v. Salyers,* 181 W.Va. 71, 77, 380 S.E.2d 238, 244 (1989) ("Suits in equity were tried without juries."); *Marthens v. B & O R. Co.,* 170 W.Va. 33, 38 n. 2, 289 S.E.2d 706, 712 n. 2 (1982)("[T]hose issues heretofore decided in equity should today be tried to the judge alone.").

■ Our jurisprudence has long recognized that a partition sale, rather than a division in kind, is something that must be supported by sound facts and evidence because the court is being asked to adjudicate an individual's sacred right of property. As this Court notably observed in *Croston v. Male,* 56 W.Va. 205, 49 S.E. 136 (1904):

> "[I]t would be at variance with fundamental and basic principles to say the Legislature intended to authorize a sale, instead of a division, for any light or trivial cause. So sacred is the right of property, that to take it from one man and give it to another for private use is beyond the power of the state itself, even upon payment of full compensation."

*Id.* at 210, 49 S.E. at 138. More recently, we recognized in *Ark Land v. Harper,* 215 W.Va. at 336, 599 S.E.2d at 759, that,

> "[p]artition by sale, when it is not voluntary by all parties, can be a harsh result for the cotenant(s) who opposes the sale. This is because " '[a] particular piece of real estate cannot be replaced by any sum of money, however large; and one who wants a particular estate for specific use, if deprived of his rights, cannot be said to receive an exact equivalent or complete indemnity by the payment of a sum of money.' " *Wight v. Ingram–Day Lumber Co.,* 195 Miss. 823, 17 So.2d 196, 198 (1944)(quoting *Lynch v. Union Inst. for Savings,* 159 Mass. 306, 34 N.E. 364, 364–365 (1893)). Consequently, "[p]artition in kind ... is the preferred method of partition because it leaves cotenants holding the same estates as before and does not force a sale on unwilling cotenants." Powell, § 50.07[4][a]. The laws in all jurisdictions "appear to reflect this longstanding principle by providing a presumption of severance of common ownership in real property by partition in-kind[.]" Craig–Taylor,

78 Wash. U.L.Q. at 753. "Thus, partitioning sale statutes should be construed narrowly and used sparingly because they interfere with property rights." John G. Casagrande, Jr., *Acquiring Property Through Forced Partitioning Sales: Abuses and Remedies*, 27 Boston C.L.Rev. 755, 775 (1986). *See also* Syllabus, in part, *Smith v. Greene*, 76 W.Va. 276, 85 S.E. 537 (1915)("The right to a partition of real estate in kind, as required by the common law, cannot be denied, where demanded, unless it affirmatively appears upon the record that such partition cannot conveniently be made[.]").

Because we find that the commissioners appointed to examine the subject property and the circuit court reviewing the commissioners' recommendation both failed to make findings of fact necessary to demonstrate why the subject property cannot be partitioned in kind, we reverse the December 16, 2009, order of the circuit court and remand the matter for further proceedings.

Specifically, the matter is remanded for further development of the issue presented by the Appellants regarding whether (1) the conveyances of minuscule undivided interests in the property by Barbara Trunk Renner were sham transactions to prevent a partition in kind and (2) whether Appellants have a prescriptive easement through the property. Evidence on these issues must be taken by the circuit court, and the circuit court's ruling on the matter must be supported by a detailed order containing sufficient findings of fact and conclusions of law.

Following the development of these issues, the circuit court is ordered to have the commissioners appointed re-examine the property and provide a more detailed report containing specific facts supporting their conclusion that the property can or cannot be partitioned in kind. Once said report is provided to the circuit court, the parties should then be provided a meaningful opportunity to object to the report. In determining whether to adopt or reject the report of the commissioners, the circuit court should conduct a hearing providing the parties ample opportunity to present necessary testimony and other evidence. The court should then make findings of fact and conclusions of law demonstrating whether the property can be conveniently partitioned in kind, whether the interests of one or more of the parties will be promoted by a sale, and whether the interests of the other parties will not be prejudiced by a sale.

## IV.

### CONCLUSION

For the foregoing reasons, the December 16, 2009, order of the Circuit Court of Tyler County is reversed and remanded with directions.

**Reversed and remanded.**

Justice KETCHUM concurs and reserves the right to file a concurring opinion.

KETCHUM, J., concurring:

As this case demonstrates, West Virginia's statute relating to the partition of land is inartfully written and very confusing. Our cases applying that partition statute have done little to clarify the situation, and have left our partition law a "tangled mass of weeds." *O'Dell v. Stegall*, 226 W.Va. 590, 599, 703 S.E.2d 561, 570 (2010). This Court should, in the near future, endeavor to refine and realign the meaning of the concepts underlying our partition jurisprudence to meet modern-day realities, and to provide West Virginia's lawyers and lay people with guidance on how to fairly and easily resolve partition suits. *See, e.g., O'Dell, supra* (refining and updating the law of prescriptive easements); *Cobb v. Daugherty*, 225 W.Va. 435, 441, 693 S.E.2d 800, 806 (2010) (refining and updating the law of implied easements); *Somon v. Murphy Fabrication & Erection Co.*, 160 W.Va. 84, 232 S.E.2d 524 (1977) (refining and updating the law of adverse possession). In the meantime, any lawyer handling a partition suit should study a scholarly law review article that attempts to bring clarity to the darkness that is "the current state of partition law in West Virginia." John Mark Huff, Note, "Chop It Up or Sell It Off: An Examination of the Evolution of West Virginia's Partition Statute," 111 W.Va. L.Rev. 169 (2008).

In the case *sub judice*, I believe that the trial court, on remand, should give careful attention to appellants' "landlocked" allegation. The appellants contend that they own a parcel of land that borders the property sought to be divided or sold. They claim their parcel will be landlocked if they are compelled to sell their one-ninth (1/9) interest in the property the appellees are requesting the Court to sell. The Court must determine if the appellants' interest will be prejudiced by a sale.

If the property *is* found to be partitionable, then the appellants' ownership of the adjoining parcel still *must* be considered. A cotenant owning adjoining land "is entitled to have his share allotted to him out of that part of the land adjoining his other lands only when it can be done without injury to the interests of his cotenants[.]" *Henrie v. Johnson*, 28 W.Va. 190 (1886); *Loudin v. Cunningham*, 82 W.Va. 453, 96 S.E. 59 (1918); *Garlow v. Murphy*, 111 W.Va. 611, 163 S.E. 436 (1932).

I concur with the majority's opinion.