# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Shawn Pullen,**
**Defendant Below, Petitioner**

**FILED**

May 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 12-0744** (Upshur County 11-C-99)

**Carolyn S. Wilson Collins,**
**Plaintiff Below, Respondent**


## MEMORANDUM DECISION

Petitioner Shawn Pullen, *pro se*, appeals the order of the Circuit Court of Upshur County entered June 12, 2012, ordering a partition sale of the surface of a 3.749 acre tract of land. Respondent Carolyn S. Wilson Collins, by counsel Brian W. Bailey, filed a summary response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2004, Nelma Barnett Collins died testate. In her will, which was recorded in 2008, Ms. Collins left a tract of land, comprising 3.749 acres, located in the Banks District of Upshur County, West Virginia to her three stepchildren Janet L. McCaunts, respondent, and David Collins. By deed dated January 12, 2009, Ms. McCaunts transferred her undivided one-third interest in the land to her son Shawn Pullen, petitioner herein.

Three actions have been filed since the recording of Ms. Collins's will in 2008. In Civil Action No. 09-C-110, petitioner's mother, Ms. McCaunts, sued respondent for alleged breached of her fiduciary duty as executrix of Ms. Collins's will. The jury returned a verdict in respondent's favor. There is also a pending suit styled *Janet Collins McCants [sic] v. Chesapeake Appalachian, LLC, Carolyn Wilson Collins, and David Junior Collins*, Civil Action 11-C-90, in which Ms. McCaunts is suing over a lease respondent made of the oil and gas rights under the tract of land in 2007 as Ms. Collins's power of attorney.

1

In the instant action, Civil No. 11-C-99, respondent sued petitioner and David Collins[1] for a partition of the surface of the 3.749 acre tract. In her complaint, respondent requested a partition by sale alleging that a partition in kind was not feasible. Petitioner answered and requested a partition in kind. Accordingly, the circuit court appointed three special commissioners to go onto the land to determine whether a partition in kind was feasible and, if so, how they would divide it.

In a commissioners' report dated April 27, 2012, the special commissioners reported as follows:

> The property is located on the west side north of the W[est] V[irginia] Routes 20 and 4 split in the Village of Rock Cave. It has two easement right of way assesses for W[est] V[irginia] Route 20. The southern most easement is not useable due to the location of a pond that would require a severe turning radius to access the property, which lays primarily north of the pond. The combination of the pond, a stream along the western border, two additional areas of drainage[,] and the area lost for internal roads limits the area that can be useable. The area is served by public water that will have to be brought to the site. In order for the site, as a single unit or three separate sites, to be used as residential lots, septic systems would have to be approved. The lay of the land, pond area, and wet areas would seem to indicate that this is not probable.
>
> The commissioners have found that the property cannot be equitably divided in kind among the three equal undivided owners. They recommend that the parties pursue an amicable separation, or that the property be sold at public auction sale and monies divided according to ownership.

Subsequently, at a June 5, 2012 hearing, the circuit court inquired whether either of the parties wanted to buy the other out. Each party responded in the negative. Therefore, the circuit court appointed a special commissioner to advertise the land and then sell it at public auction.

We apply the standard for reviewing a judgment entered following a bench trial:[2]

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential

---

[1] David Collins, who lives out-of-state, has been served but has not appeared in the instant action.

[2] *See Renner v. Bonner*, 227 W.Va. 378, 384 n. 3, 709 S.E.2d 733, 739 n. 3 (2011) ("As we have done in previous partition cases, we will construe the proceedings before the circuit court as a bench trial.").

2

standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Public Citizen, Inc. v. First National Bank in Fairmont*, 198 W.Va. 329, 480 S.E.2d 538 (1996).

On appeal, petitioner challenges the circuit court's decision to order a partition by sale. Petitioner asserts that the commissioners' report is erroneous and that the special commissioners appeared not to be open to the idea that a partition in kind might be feasible. Petitioner notes that the special commissioners did not have a surveyor accompany them when they viewed the land in question.[3] Respondent asserts that the special commissioners took their responsibilities seriously, made a thorough investigation of the land, and gave careful consideration as to why it was not susceptible to a partition in kind. Respondent asserts that the special commissioners' finding that a partition in kind was not feasible was both detailed and correct. Respondent asserts that the special commissioners were required to retain a surveyor only if they thought a partition in kind was feasible.

"'The most usual method of ascertaining whether a tract of land is susceptible of convenient partition is by the report of the commissioners; but when their report simply states that the land is not susceptible of convenient and equitable partition, and mentions no facts justifying their conclusion, it does not warrant a decree of sale.' Syllabus Point 2, *Loudin v. Cunningham*, 82 W.Va. 453, 96 S.E. 59 (1918)." Syl. Pt. 4, *Renner v. Bonner*, 227 W.Va. 378, 709 S.E.2d 733 (2011). In the case at bar, the special commissioners cited several facts in support of their conclusion that a partition in kind was not feasible. First, the location of a pond rendered one of two rights of way unusable. The pond in combination with other features also limited the total area that was usable. Lastly, the special commissioners reported that "[i]n order for the site, *as a single unit or three separate sites*, to be used as residential lots, septic systems would have to be approved" and that certain physical features made such approval appear "not probable." (emphasis added). Therefore, after careful consideration, this Court agrees with respondent that the special

---

[3] Petitioner also raises issues not relevant to this appeal. Petitioner discusses the alleged illegality of the 2007 lease of the oil and gas rights, but that issue is being litigated in a separate action filed by his mother. Petitioner questions the impartiality of the circuit judge; however, petitioner's motion for disqualification was denied by an administrative order entered June 12, 2012. Petitioner questions the impartiality of Justice Ketchum who as Chief Justice at the time entered the administrative order denying his motion for disqualification. Petitioner argues, *inter alia*, that the circuit judge's letter to Justice Ketchum, explaining why the judge did not feel he was disqualified, colored Justice Ketchum's perception of this case. First, the circuit judge's letter was required to be sent to Justice Ketchum as Chief Justice pursuant to Rule 17.01(b)(2) of the Trial Court Rules so that the Chief Justice could rule on the motion for disqualification. Second, as petitioner has filed no motion for Justice Ketchum's disqualification pursuant to Rule 33 of the Rules of Appellate Procedure, this Court considers the issue to be waived.

commissioners' report was both detailed and correct. This Court concludes that the circuit court did not abuse its discretion in ordering a partition by sale.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**   May 17, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II