IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2019 Term

_____

No. 17-0857

_____

FILED
**February 15, 2019**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

JONATHAN E. PRESNELL, SR.,
Petitioner

v.

ESTON J. PRESNELL, III, and LARRY A. WOLFE, JR., individually and as co-executors of the ESTATE OF ROSEZELLA M. PRESNELL, deceased, JUDITH E. WOLFE, and ESTON J. PRESNELL, JR.,
Respondents

_____

WRIT GRANTED

_____

Submitted: January 9, 2019
Filed: February 15, 2019

David R. Collins, Esq.
Nelson M. Michael, Esq.
Tyler S. Rohrbaugh, Esq.
Nelson M. Michael, L.C.
Keyser, West Virginia
Counsel for Petitioner

Roman Rozas, III, Esq.
Rozas Law Office, LLC
Cumberland, Maryland
Counsel for the Respondents
Eston Presnell, III, and Larry Wolfe

Lawrence E. Sherman, Jr., Esq.
Sherman Law Firm
Romney, West Virginia
Counsel for Respondent Judith E. Wolfe

James E. Smith, II, Esq.
Law Office of James E. Smith, II, Esquire
Keyser, West Virginia
Counsel for Respondent Eston Presnell, Jr.

CHIEF JUSTICE WALKER delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1.      "A writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court.  It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers.  W. Va. Code 53-1-1."  Syllabus Point 2, *State ex rel. Peacher v. Sencindiver*, 160 W. Va. 314, 233 S.E.2d 425 (1977).

2.      "In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction, but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight."  Syllabus Point 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996).

i

3.      "By virtue of W. Va. Code, 37–4–3, a party desiring to compel partition through sale is required to demonstrate that the property cannot be conveniently partitioned in kind, that the interests of one or more of the parties will be promoted by the sale, and that the interests of the other parties will not be prejudiced by the sale." Syllabus Point 3, *Consolidated Gas Supply Corp. v. Riley*, 161 W.Va. 782, 247 S.E.2d 712 (1978).

4.      "The paramount principle in construing or giving effect to a will is that the intention of the testator prevails, unless it is contrary to some positive rule of law or principle of public policy." Syllabus Point 1, *Farmers and Merchants Bank v. Farmers and Merchants Bank*, 158 W. Va. 1012, 216 S.E.2d 769 (1975).

5.      "The general intent of a testator, clearly and definitely expressed in his will, prevails over particular or special intent expressed in a part of it, if it is impossible to give effect to both the general and the particular or special intent." Syllabus Point 2, *Hope Nat. Gas Co. v. Shriver*, 75 W. Va. 401, 83 S.E. 1011 (1914).

WALKER, Chief Justice:

Rosezella Presnell (Testator) passed away in 2014 and her will devised a family farm and other property to her three children – Petitioner Jonathan Presnell and Respondents Judith Wolfe and Eston Presnell, Jr. Petitioner sought to have the family farm partitioned in kind and argues that it was a specific devise, the sale of which requires a showing that the property is not amenable to partition in kind consistent with West Virginia Code §§ 44-8-1[1] and 37-4-3.[2] Co-executors of the estate, two of the Testator's grandchildren, sought a court order to sell the family farm. The circuit court ruled in favor of the co-executors and found that because the Testator granted a general power of sale to the co-executors and referenced the potential for sale of another property, the Testator showed approval of the concept of the sale of the family farm, even though it had been separately and specifically devised. We disagree and grant a writ of prohibition. The implication of possible sale relating to a separate piece of real property, even when viewed in combination with a general power of sale, is insufficient evidence of an intent to sell all other real property such that it overcomes the steps and findings required by West Virginia Code §§ 44-8-1 and 37-4-3 to sell a specific devise subject to a partition suit.

---

[1] 2014 Repl. Vol.

[2] 2011 Repl. Vol

# I. FACTUAL AND PROCEDURAL BACKGROUND

Testator Rosezella M. Presnell passed away at the end of 2014. Her three children, Petitioner Jonathan Presnell and Respondents Judith Wolfe and Eston Presnell, Jr., survived her. Testator was also survived by at least two grandchildren: Respondent Larry A. Wolfe, Jr., the son of Judith Wolfe, and Respondent Eston Presnell, III, the son of Eston Presnell, Jr. These two grandchildren were designated in Testator's will as the co-executors of her estate. Testator granted her executors a general power of sale as follows:

> FIFTH: In administering my estate, my executors are authorized and empowered . . . to sell or exchange any property contained in my estate, whether real or personal, and in case of sale, to sell at public auction or privately, for cash or credit, and upon such terms and conditions as they may deem best.

Relating to the division of her property, Testator's will provided the following:

> SEVENTH: I give, will, devise and bequeath my property as follows:
>
> A. The merchandise associated with and located in Press Little Market and Snack Bar shall be given to my daughter, Judith E. Wolfe.
>
> B. My home, the commercial complex in which Press Little Market and Press Snack Bar operates, Press Auto Mart and an eight car garage shall be divided between my three children to share equally outright and in fee simple. In the event that any or all of this property shall be sold, then before the proceeds are divided between my three children, the sum of Twenty Five Thousand ($25,000.00) shall be given to my daughter Judith E. Wolfe. The remaining funds shall be divided equally between the three children.

C. The family farm located on Middle Ridge in Mineral County, West Virginia consisting of approximately 306 acres shall be given to my three children to share equally outright and in fee simple.

D. The residue and remainder of my property, real, personal and mixed, tangible or intangible, wherever situate, whether now owned or hereafter acquired of which I die seized and possessed, I give to my three children to share equally outright and in fee simple.

Petitioner sought partition in kind of his portion of the family farm as devised in paragraph 7C of Testator's will and requested that his one-third portion be the portion of the family farm that adjoined his own property. Petitioner and co-executors reportedly disagreed as to how to value Petitioner's portion, thereby precluding partition. The co-executors alleged that Petitioner never provided a survey and appraisal of the property and that the estate was without sufficient liquidity to provide one. In May 2016, Petitioner filed a complaint in the Circuit Court of Mineral County alleging breach of fiduciary duty, tortious interference with an inheritance, and seeking partition of the real estate. In his complaint, Petitioner alleged that the co-executors had failed to make appropriate accounting of personal property and to properly manage and preserve the real estate. Specifically, Petitioner presented that Judith Wolfe had continued to operate her convenience store and gas station out of the commercial complex without making rental payments, and that collection of rental payments was one such source of liquidity to manage and settle the estate's affairs.

Respondent Judith Wolfe filed a counterclaim, alleging that she had advanced a significant amount of money to the Testator during her life, and had subsequently made expenditures on behalf of the estate for which she sought reimbursement. While the litigation was pending, the co-executors began negotiations to sell portions of the family farm. Petitioner refused to sign his name to the contracts, and the co-executors moved for a court order allowing the sale of the real property to the prospective buyers. Petitioner responded by moving for appointment of court commissioners to determine whether or not the property could be conveniently and equitably partitioned in kind.

At the hearing on Respondent co-executors' motion, the circuit court took no evidence, but determined that the general power of sale bestowed upon the co-executors, when viewed in combination with the Testator's apparent acknowledgment in paragraph 7B that the property including the commercial complex might be sold, implied that Testator approved of the concept that her executors might sell real property, even real property specifically devised in her will. Extrapolating and applying that concept to paragraph 7C in which Testator devised the family farm, the court granted co-executors' motion to sell the family farm. It is from this interlocutory order that Petitioner now seeks relief.

## II. STANDARD OF REVIEW

Upon filing this appeal and petition, Petitioner acknowledges that the circuit court's grant of Respondents' motion to sell property was an interlocutory ruling, but seeks

4

relief under the collateral order doctrine or a writ of prohibition to prohibit the sale. We have recognized prohibition matters as an exception to the rule of finality, and so find it more appropriate to review this matter as seeking a writ of prohibition.[3] "A writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. W. Va. Code 53-1-1."[4] Because Petitioner contends that the circuit court exceeded its legitimate powers in granting co-executors the power to sell real estate, the question of whether Petitioner is entitled to the relief sought is guided by this well-established framework:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction, but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of

---

[3] *Robinson v. Pack*, 223 W. Va. 828, 832, 679 S.E.2d 660, 664 (2009) (citing *Adkins v. Capehart*, 202 W. Va. 460, 463, 504 S.E.2d 923, 926 (1998) (recognizing prohibition matters as exception to rule of finality)).

[4] Syl. Pt. 2, *State ex rel. Peacher v. Sencindiver*, 160 W. Va. 314, 233 S.E.2d 425 (1977).

5

clear error as a matter of law, should be given substantial weight.[5]

## III.   DISCUSSION

Petitioner argues that the circuit court, despite finding that certain devises contained in paragraph 7 were specifically devised, nonetheless permitted sale of the family farm property without first determining whether the property was amenable to partition in kind consistent with the directives of West Virginia Code §§ 44-8-1 and 37-4-3. Petitioner likewise takes issue with the circuit court's apparent reliance on the co-executors having "entered into contracts with willing buyers" when those contracts were signed by the other parties after the institution of Petitioner's partition suit, of which the prospective buyers were aware, and had no legal validity unless and until Petitioner affixed his name to the contracts. Respondents counter that the circuit court did not rely exclusively on the existence of the contracts and that the circuit court appropriately gave effect to the Testator's overall intent that her co-executors should have authority to sell her real property as they see fit.

West Virginia Code § 44-8-1 provides "[w]hen any will heretofore or hereafter executed gives to the executor named therein the power to sell the testator's real estate, which has not been theretofore specifically devised therein, the executor may sell any such real estate unless otherwise provided in said will." Petitioner contends that

---

[5] Syl. Pt. 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d (1996).

because the family farm was specifically devised in Decedent's will, the co-executors' general power of sale does not permit them to sell the property outright. Once Petitioner sought partition in kind, if the co-executors sought to sell the property by partitioning through sale he argues they were required to comply with the provisions of West Virginia Code § 37-4-3. As we have previously held,

> [b]y virtue of W. Va. Code, 37–4–3, a party desiring to compel partition through sale is required to demonstrate that the property cannot be conveniently partitioned in kind, that the interests of one or more of the parties will be promoted by the sale, and that the interests of the other parties will not be prejudiced by the sale.[6]

But, as we have also held, "[t]he paramount principle in construing or giving effect to a will is that the intention of the testator prevails, unless it is contrary to some positive rule of law or principle of public policy."[7] And, "[t]he general intent of a testator, clearly and definitely expressed in his will, prevails over particular or special intent expressed in a part of it, if it is impossible to give effect to both the general and the particular or special intent."[8]

---

[6] Syl. Pt. 3, *Consol. Gas Supply Corp. v. Riley*, 161 W.Va. 782, 247 S.E.2d 712 (1978).

[7] Syl. Pt. 1, *Farmers and Merchants Bank v. Farmers and Merchants Bank*, 158 W. Va. 1012, 216 S.E.2d 769 (1975).

[8] Syl. Pt. 2, *Hope Nat. Gas Co. v. Shriver*, 75 W. Va. 401, 83 S.E. 1011 (1914).

7

So, in this matter we are faced with these two competing interests. On one hand, it is plain that the Testator specifically devised the family farm to her three children,[9] requiring strict application of West Virginia Code § 37-4-3 once Petitioner sought partition.[10] But, it is also plain that the co-executors were granted a general power of sale and that the Testator contemplated that the property described in paragraph 7B, a different specific devise, might be sold. The circuit court found that the latter evidenced a general intent on behalf of the Testator to have all of her property sold so as to overcome any specific devise and consequently prevented application of West Virginia Code §§ 44-8-1 and 37-4-3.

As discussed above, if the general and specific intent of a testator cannot be reconciled, the general prevails over the specific if that general intent is "clearly and definitely expressed." The circuit court determined that there was "enough" language to

---

[9] Respondents claim that West Virginia Code § 44-8-1 does not apply because the circuit court never explicitly found that the family farm was specifically devised. We disagree. First, the circuit court found that there were "some" specific devises in paragraph 7, obviously in an attempt to exclude the residuary clause in paragraph 7D from that collective. Second, contrary to Respondents' assertion that the circuit court in making that finding was referring only to the merchandise described in paragraph 7A, the circuit court did explicitly find that the real property described in paragraph 7B was specifically devised, and there can be no rational argument made that the devise of the real property described in paragraph 7B was a specific devise while the family farm was not.

[10] As we have noted, "[b]ut for the statute authorizing it, a sale of real estate could not be decreed in a suit for partition thereof." Syl. Pt. 1, *Croston v. Male*, 56 W. Va. 205, 49 S.E.136 (1904). Thus, sale of real estate subject to a partition suit is in derogation of the common law and requires application of West Virginia Code § 37-4-3.

8

"imply" that the testator "anticipated" sale of some or all of her real property. We disagree that Testator's implication or anticipation of the possible sale of a *particular* piece of property, inferred by the circuit court from the specific devise in paragraph 7B, amounts to a clearly and definitely expressed intent by the Testator to sell *all* of her real property so as to overcome a specific devise. To that end, we also disagree that the Testator's general and specific intent are irreconcilable.

Here, the Testator specifically devised her home, commercial complex, and an eight-car garage to her three children, and, in a separate paragraph, specifically devised her family farm to her three children. Like many testators, Testator gave her co-executors a general power of sale. There is a marked distinction between a naked power of sale and property devised to be sold.[11] That is, testators who clearly intend that their real property be sold would not typically make superfluous specific devises, but rather would devise the property in trust to the executor for sale or otherwise specifically instruct the executor to sell the property and to distribute the proceeds. In this case, the Testator created confusion in her will by granting the power of sale to her co-executors, while also specifically devising real property and including a clause in one of those devises that suggested or anticipated that particular property might be sold.

---

[11] Unlike the second paragraph of West Virginia Code § 44-8-1 authorizing discretionary power to sell property that has not been specifically devised, under the first paragraph of West Virginia Code § 44-8-1, the executor has the authority and a mandatory duty to sell real estate that has been devised for the purpose that it be sold.

9

Important for our purposes, however, there is no language whatsoever in paragraph 7C suggesting that the family farm might be sold. To apply the general power of sale to allow for the sale of the family farm, then, requires a Herculean leap in logic.[12] It requires us to determine that the Testator's inclusion of language *contemplating* a *possible* sale of *another* piece of property could express so clear and definite an intent to sell that such clause might be extrapolated to provide for the sale of separately and specifically devised real property. Far shorter is the logical leap that the Testator simply foresaw the possibility of a sale of that particular property rather than *intended* a sale, because the characteristics of the property described in paragraph 7B are likely to render it incompatible with partition in kind, and Decedent wanted to ensure that her daughter, whose livelihood is grounded in the commercial complex devised therein, should receive an additional sum out of the proceeds. Such a reading gives effect to both the general and specific intent of the Testator with no stretch in reasoning.

Without having taken any evidence, conjecture as to the Decedent's intent through aid of only presumption and implication as to a different property falls short of the clear and definite expression of intent necessary to overcome the specific devise made

---

[12] The general power of sale alone does not provide the co-executors with the authority to sell any property specifically devised. W. Va. Code § 44-8-1 ("When any will heretofore or hereafter executed gives the executor named therein the power to sell the testator's real estate, *which has not been specifically devised therein*, the executor may sell any such real estate unless otherwise provided in said will.") (emphasis added).

10

here.[13]  To allow the sale of specifically devised property without compliance with West Virginia Code § 37-4-3 is in violation of West Virginia Code § 44-8-1, and was clear error, meeting the third *Hoover* factor.  Further, we have stated that "[f]orcible conversion of property into money is avoided wherever possible[,]"[14] because the right to property is sacred:

> "[I]t would be at variance with fundamental and basic principles to say the Legislature intended to authorize a sale, instead of a division, for any light or trivial cause.  So sacred is the right of property that to take it from one man and give it to another for private use is beyond the power of the state itself, even upon payment of full compensation."[15]

Likewise,

> [p]artition by sale, when it is not voluntary by all parties, can be a harsh result for the cotenant(s) who opposes the sale.

---

[13] While the circuit court's order does not appear to lend much credence to the argument, we wish to disabuse Respondents of the notion that sale of the family farm was necessary to provide liquidity to the estate and that co-executors had a duty on behalf of the estate to sell it.  We have long held that realty is afforded special protection of the law over that of personalty – the personal estate of the decedent is the principal source for satisfaction of debts; real estate may only be sold when the personal estate is insufficient to do so.  *See* W. Va. Code § 44-8-3 (2014 Repl. Vol.); *Bank of Mill Creek v. Elk Horn Coal Co.*, 136 W. Va. 36, 53–54, 65 S.E.2d 892, 901 (1951); *George v. Brown*, 84 W. Va. 359, 99 S.E. 509 (1919).  Respondents have not shown that an accounting of the personal estate has been completed and applied for liquidity, nor does it appear that they have accounted for and applied for liquidity the merchandise gifted in paragraph 7A to Respondent Judith Wolfe.  Consequently any contention that the co-executors had a duty on behalf of the estate to sell this real property without first having exhausted those sources of personal property or taking any affirmative steps to subject the realty to debts of the estate is unfounded.

[14] *Croston*, 56 W. Va. at 210, 49 S.E. at 138.

[15] *Renner v. Bonner*, 227 W. Va. 378, 386, 709 S.E.2d 733, 741 (2011) (quoting *Croston*, 56 W. Va. at 210, 49 S.E. at 138).

11

This is because "'[a] particular piece of real estate cannot be replaced by any sum of money, however large; and one who wants a particular estate for specific use, if deprived of his rights, cannot be said to receive an exact equivalent or complete indemnity by the payment of a sum of money.'"[16]

For that reason, we find that if Respondents were permitted to go forward with the sale of Petitioner's property under the proposed contracts and against his wishes, Petitioner would be prejudiced in a way that would not be correctable on appeal, and so has also met the second *Hoover* factor. Accordingly, we grant the writ of prohibition and preclude sale of the property pending the circuit court's review under West Virginia Code § 37-4-3. As we have discussed, "'[a] cotenant cannot have the land sold rather than partitioned, as a matter of right, the right of sale being only an incident of, and subordinate to the right of partition.'"[17] And, we have held that

> [b]y virtue of W. Va. Code 47-4-3, a party desiring to compel partition through sale is required to demonstrate that the property cannot be conveniently partitioned in kind, that the interests of one of more of the parties will be promoted by the sale, and that the interests of the other parties will not be prejudiced by the sale.[18]

The circuit court is therefore instructed to apply West Virginia Code § 37-4-3 to determine whether the family farm is amenable to partition in kind before permitting sale of the property.

---

[16] *Ark Land Co. v. Harper*, 215 W. Va. 331, 336, 599 S.E.2d 754, 759 (quoting *Wight v. Ingram-Day Lumber Co.*, 17 So.2d 196, 198 (Miss. 1944)).

[17] *Consol. Gas Supply Corp.*, 161 W. Va. at 786, 247 S.E. at 714–15 (quoting *Loudin v. Cunningham*, 82 W. Va. 453, 454, 96 S.E. 59, 60 (1918)).

[18] *Id.* at syl. pt. 3.

12

## IV. CONCLUSION

For these reasons, we grant Petitioner's writ of prohibition.

Writ granted.